# McLendon *v.* State.

## (*Jackson.* April 29, 1893.)

1. SHERIFF. *Liability for making arrest under void process.*

   For making arrest under process void upon its face, a Sheriff is personally responsible in damages to the party arrested. (*Post, pp. 523, 524.*)

2. SAME. *Same. Suit not maintainable upon official bond and in name of the State.*

   But suit for such arrest cannot be maintained, even against the Sheriff, upon his official bond and in the name of the State for the use of the injured party. (*Post, pp. 529, 530.*)

   Case cited and distinguished: Turner *v.* Collier, 4 Heis., 89.

3. SAME. *His sureties not liable for his illegal arrest, when.*

   The Sheriff's sureties upon his official bond are not liable for his illegal arrest of a person under process void upon its face. (*Post, pp. 526–528.*)

   Cases cited and approved: Lytle *v.* Etherly, 10 Yer., 389; Crutchfield *v.* Robins, 5 Hum., 15; Draper *v.* State, 1 Head, 262; Turner *v.* Collier, 4 Heis., 89.

   Cited and distinguished: 111 U. S., 17.

4. VOID PROCESS. *Not running in name of State.*

   A writ or other process that does not run in the name of the State is void upon its face. (*Post, pp. 525, 526.*)

   Constitution construed: Art. VI., Sec. 12.

   Cases cited and approved: Mayor, etc., *v.* Pearl, 11 Hum., 250.

   Cited and distinguished: White *v.* State, 3 Heis., 338; Lyle *v.* Longley, 6 Bax., 286.

5. SAME. *Ex parte order for re-arrest of discharged convict.*

   An *ex parte* order by a Criminal Judge for the re-arrest and detention of a discharged work-house convict is void, and affords no protection to the officer executing it, where it appears upon the face of the order that the arrest is to be made in disregard and contempt of the

judgment of another competent Court discharging the convict upon *habeas corpus*. (*Post, pp. 523, 524.*)

Constitution construed : Art. I., Sec. 15.

Code construed : §§ 4470, 4473 (M. & V.); §§ 3720, 3723 (T. & S.).

Cases cited and approved : The State *v.* Taxing District, 16 Lea, 240; State *v.* Galloway, 5 Cold., 336; 18 Wall., 163; 4 Wall., 3; 93 U. S., 18; 60 N. Y., 570.

### FROM SHELBY.

Appeal from Circuit Court of Shelby County. L. H. ESTES, J.

JAMES M. GREER and MALONE & MALONE for McLendon.

L. T. M. CANNADA for State.

CALDWELL, J.   This is an action of damages for false imprisonment, brought in the name of the State of Tennessee for the use of Henry Kennedy, against A. J. McLendon, Sheriff of Shelby County, and the sureties on his official bond.

Trial before Court and jury resulted in verdict and judgment in favor of the plaintiff and against all the defendants for $500.   The defendants have appealed in error, and ask a reversal in this Court, upon several grounds.

The principal averments of the declaration are, in substance, that the plaintiff, Henry Kennedy,

was confined in the work-house of Shelby County under a void judgment of the Criminal Court of that county; that, while so confined, his father sued out a writ of *habeas corpus* in the Circuit Court of Shelby County for his release; that the Judge of the latter Court heard his case upon that writ, adjudged his confinement illegal, and ordered that he be at once discharged; that, in defiance of that action of the Circuit Court, the defendant, A. J. McLendon, Sheriff of Shelby County, immediately re-arrested him and returned him to the work-house, where he was wrongfully and illegally confined for a period of fourteen days; that in so re-arresting and confining plaintiff, the Sheriff had no authority, but acted under a void order of the Judge of the Criminal Court, made upon the latter's learning of the pendency of the *habeas corpus* proceeding.

It is also averred that defendant, A. J. McLendon, on a certain day executed his official bond as Sheriff of Shelby County, with his co-defendants as sureties thereon, and that the bond was breached by the aforesaid re-arrest and confinement of plaintiff, Henry Kennedy, whereby the defendants became liable for damages to the State of Tennessee, for his use, in the sum of $50,000, that being the penalty of the bond.

The defendants, after some preliminary steps had been taken, filed a joint plea of not guilty; and the case was tried upon the issue thereby formed.

Though much evidence, both parol and docu-

mentary, was introduced for the consideration of the Court and jury, the only part of it necessary to be here mentioned is the process under which the alleged wrongful and illegal arrest and confinement were made. That process was but a copy of an order spread upon the minutes of the Criminal Court. It was in the following words and figures:

"IN THE CRIMINAL COURT OF SHELBY COUNTY.

"SEPTEMBER TERM, A. D., 1890.

"WEDNESDAY, Nov. 26, 1890.

"To A. J. McLendon, Sheriff:

"You are ordered and directed that, after the cause of the detention of Henry Kennedy, now in work-house of the county, shall have been inquired into, to the entire satisfaction of His Honor, L. H. Estes, Judge of the Circuit Court, whatever may be his conclusion as to whether such detention be legal or otherwise, you take the body of said Henry Kennedy and again deliver him to the Superintendent of the Shelby County work-house, there to be confined and not to go hence without the further orders of this Court. You will in no-wise omit, etc.

"A true copy from the minutes.

"Attest: "R. S. CAPERS, Clerk.

"W. W. TOPSCOTT, D. C."

On that paper was this indorsement:

"Executed on the sixth day of December, 1890,

by arresting the said Henry Kennedy and placing him in the work-house as is ordered.

"This December 6, 1890.

"A. J. McLendon, *Sheriff*.
"By L. B. Williams, *D. S.*"

The charge of the trial Judge with respect to the foregoing order or process, was, in effect, that it was void upon its face; that it gave the Sheriff no authority for the arrest and confinement complained of; and could, therefore, afford him no protection in this action.

The instruction was correct. The order in question was utterly void upon its face.

*First.*—The Judge of the Circuit Court, acting under due forms of law, as he is presumed and shown in this case to have been, had ample power and jurisdiction to conduct the *habeas corpus* proceedings, and to discharge the plaintiff, Kennedy, from illegal restraint under a *void* judgment, as he is here alleged and shown to have done. Code, §§ 3720 and 3723; *The State* v. *Taxing District*, 16 Lea, 240; *The State* v. *Galloway*, 5 Cold., 336; *Ex parte Lange*, 18 Wall., 163; *Ex parte Milligan*, 4 Wall., 3; *Ex parte Parks*, 93 U. S., 18; *Tweed* v. *Liscomb*, 60 N. Y., 570.

On the other hand, the Criminal Court was wholly without power and jurisdiction *to defeat that result*, by causing Kennedy to be re-arrested and recommitted for the same offense, and under the same *void* judgment, as was the purpose clearly

disclosed by the terms of the order itself. Constitution, Article I., Section 15.

Judged by the facts so disclosed, the order was *void* upon its face. Being so, it gave the Sheriff, who is presumed to have known the law, no authority for his action, and affords him no protection.

*Second.*—"All writs and other process shall run in the name of the State of Tennessee, and bear teste and be signed by the respective clerks." This is the requirement ·of the Constitution, as found in Section 12, Article VI., of that instrument.

Clearly, the order here in question, if possessed ·of any virtue at all, was a *writ* or *other process* within the meaning of the Constitution. It was intended to serve the purpose of a *writ* or *other process,* and as such it could have been valid, if so otherwise, only when running *in the name of the State of Tennessee.* It did not so run, and, for that additional reason, it was void upon its face. If it ran in any name at all, it was only in the name of the Criminal Court of Shelby County.

In the case of *Mayor and Aldermen* v. *Pearl,* .11 Hum., 250, 251, it was held that a distress warrant for the collection of taxes, was void because running in the name of the "corporation of Nashville" instead of in the name of the State of Tennessee, as required by the Constitution. In that case, after quoting the words of the Constitution, the Court said: "This requirement applies

to all process, civil or criminal, issued by any Court or tribunal established by law, having authority to issue process; to process issued under a valid corporation ordinance or by-law, as much as to process from a Court of record or Justice of the Peace. That construction meets our approval, and controls this case on the point being considered.

The question as to whether or not the processes considered in *White* v. *The State*, 3 Heis., 338, and *Lyle* v. *Langley*, 6 Bax., 286, ran in the name of the State, was not raised in either of those cases. It was decided in the former of those cases that a "*venire facias juratores*," and in the latter that an attachment writ, signed by the Judge instead of the Clerk of the Court, was valid.

After the trial Judge had delivered his charge to the jury, the defendants requested him to give additional instructions, in these words: "If you find that the process under which McLendon arrested the plaintiff was without authority of law and void under the instructions given you in this case, then, in arresting and imprisoning the plaintiff, McLendon was acting beyond the scope of his authority as Sheriff, and W. J. Chase and the other sureties on the Sheriff's bond are not liable for his acts in making such arrest."

The refusal of the Court to give these instructions was erroneous. The action of the Sheriff, in arresting the plaintiff under void process, must be regarded in the same light as if he had arrested

him without any process at all. He acted entirely without authority of law, and was, therefore, a trespasser. Had he acted under valid process, and misused or abused it, both he and his sureties would have been liable for the consequences of the misuse or abuse; but having assumed to execute void process, he was, for the time, without the scope of his official character, and, for that reason, did not and could not bind them.

The obligation of the bond was that he should "well and truly execute and due return make of all processes to him directed; and pay all fees and sums of money by him received, or levied by virtue of any process, unto the proper officer, or to the person entitled; and faithfully execute the office of Sheriff and perform its duties and functions during his continuance therein."

The wrongful and illegal arrest of plaintiff was in no sense a breach of that obligation. It was not a failure to execute and return process well and truly, nor to pay over money to parties entitled, nor to execute the office of Sheriff, and perform its functions and duties. He had no legal process in his hands, no money to pay over, no official function or duty to execute or perform with respect to the plaintiff.

The law of the land forbade him to arrest plaintiff, or perform any other act by virtue of said process; but the terms of his bond did not stand in his way. They did not contemplate such an act, and were not breached by it.

Our conclusion on this point is in harmony with the reasoning of this Court in several cases. *Lytle* v. *Etherly*, 10 Yer., 389; *Crutchfield* v. *Robinson*, 5 Hum., 15; *Draper* v. *State*, 1 Head, 262; *Turner* v. *Collier*, 4 Heis., 89.

The last case is precisely in point, on the proposition that sureties of a Sheriff are not responsible for his acts with respect to void process. The effort in that case was to hold a Sheriff and the sureties on his official bond liable for money collected by him under an execution, which had become *functus officio* by lapse of time. The Court said:

"Can a decree be rendered against Love for his action officially as Sheriff, under the circumstances stated? It is to be borne in mind that the bill seeks to charge him for his action as Sheriff, and he and his sureties on his official bond are made defendants with this view. It follows that he must be charged according to the allegations of the bill. In this view of the case, the fact that the execution was *functus officio* and the deductions sought to be drawn from it that the Sheriff had no authority to collect the money as Sheriff without an execution, would relieve Love and his sureties in this case. The sureties could not be held responsible for his action in a matter not of official duty, or in the performance of the duties of his office; and Love would not be chargeable on the allegations of the bill seeking to hold him responsible in his character as Sheriff for official default, as he could only be charged as an agent, if at all."

The question here is very different from that decided in the case of *Lammon* v. *Fensier*, 111 U. S., 17. There the Marshal, with a valid attachment writ in his hands, misused it by seizing the property of a stranger to his process. The act was adjudged a breach of his bond, for which his sureties were liable. It was a failure to faithfully discharge a duty of his office.

Not so here, McLendon had no valid writ. His process was utterly void. It conferred no authority, imposed no duty, justified no official action.

The trial Judge also erred in refusing to further instruct the jury, as requested, that the Sheriff himself could not be held liable *in this case* for his action under process found to be void upon its face.

This is an action upon an official bond, brought in the name of the State of Tennessee, for the use of Henry Kennedy. *Such an action, so brought*, can be maintained against no one, unless a breach of the bond be in fact shown. The bond could not have been breached by the execution of the void process in question; hence, the action taken under that process affords no ground of recovery against any one *in this case*, not even the Sheriff.

Had the suit been in the name of Kennedy, it might (in the absence of a contrary holding in the case of *Turner* v. *Collier*, 4 Heis., 89) be plausibly argued that the averment as to the breach of the bond could be passed by as imma-

34—8 P

terial, and a recovery allowed upon the remaining facts against McLendon in his individual or personal capacity; but, having been brought in the name of the State, there can be no force or merit in such a suggestion.

The name of the State cannot be used as a party litigant, by one citizen against another citizen in redressing a private wrong, though done by the latter during his incumbency of public office.

Reverse and remand.