State, ex rel., v. Endsley.

STATE, *ex rel.* JOHN ESTILL, *v.* W. M. ENDSLEY, Sheriff.

(*Nashville.*   December Term, 1909.)

1.  **ARREST.** Sheriff, without a warrant, has no authority to re-arrest a prisoner improperly released by him.

Where the sheriff wrongfully and unlawfully discharged a prisoner before the expiration of his term of imprisonment imposed as punishment upon his conviction of the commission of an offense, by releasing him to another upon his payment of the fine imposed and the costs, upon the agreement of the prisoner to remain with his liberator and work for him until he should be repaid, the sheriff acted improperly and without authority in rearresting the prisoner without a warrant. (*Post, pp.* 649, 650.)

Case cited and approved:   McCaslin v. McCord, 116 Tenn., 690.

2.  **HABEAS CORPUS.** Prisoner unlawfully discharged and improperly rearrested without warrant is properly in custody under original commitment, and is not entitled to be released.

A prisoner so improperly discharged before the expiration of his term of imprisonment, and released to another upon his payment of the fine and costs, and wrongfully rearrested by the sheriff without a warrant, is not entitled to be released upon a writ of *habeas corpus*; for, upon regaining the custody of the prisoner, it was the duty of the sheriff to hold him under the original commitment until the satisfaction of its demands, upon the principle that where one is properly in custody, the unlawfulness of the manner by which the custody was obtained is immaterial. (*Post, p.* 650.)

Cases cited and approved:   Cook v. Hart, 146 U. S., 183-195; Re Johnson, 167 U. S., 120-122.

State, ex rel., v. Endsley.

3. **IMPRISONMENT AND FINE.** Sentence of imprisonment must be served before prisoner can be bailed out to work out fine and costs.

> A prisoner must first serve out the time for which he is sentenced, and then work out his fine and costs. After the time of imprisonment has been served, the prisoner may be, with his consent, bailed out to any one who will secure his fine and costs. Such bail cannot be given, however, until the term of imprisonment imposed as part of the punishment has been served. (*Post*, *pp.* 650, 651.)

Code cited and construed: Secs. 7417, 7424 (S.)

---

## FROM DAVIDSON.

---

Appeal from the Criminal Court of Davidson County.—W. M. HART, Judge.

SMITHSON & ARMSTRONG, for relator Estill.

ASSISTANT ATTORNEY-GENERAL FAW, for Endsley.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

This was a *habeas corpus* proceeding, instituted before Hon. W. M. Hart, judge of the criminal court of Davidson county. After hearing the case he declined to release the prisoner, and remanded him to the custody of the sheriff. The prisoner thereupon prayed an appeal to this court, and has here assigned errors.

It appears that on March 19, 1908, the relator was tried in the circuit court of Marshall county for selling

intoxicating liquors without license, and was convicted and sentenced to undergo confinment for the period of six months in the county jail as a workhouse of the county, and also to pay the sum of fifty dollars fine and all costs of the cause. It was further adjudged that, in default of his paying the fine and costs, he should be confined in the said county jail until such further time after the expiration of the six months' sentence as would be necessary to pay the fine and costs according to law. The imprisonment began on the 24th of March, 1908. He was kept in jail until the 14th day of May, 1908. On that day the sheriff, by an arrangement made with the county court and one Wheeler, released the prisoner to Wheeler, who paid his fine and costs; the prisoner consenting to remain with Wheeler and work until he should be repaid. Subsequently the sheriff, having reached the conclusion that he had acted wrongfully and unlawfully in releasing the prisoner before his six months' term of imprisonment had expired, rearrested him and put him in jail, there to remain until his six months' time should expire. This rearrest was made without a warrant. Upon this being done, the petition for *habeas corpus* was sued out.

The first question is whether the sheriff acted properly in rearresting the prisoner without a warrant. We think he should have had a warrant. We find no authority for the sheriff's arresting a prisoner for a crime not committed in his presence, or in fresh pursuit, where there is sufficient time to get a warrant, even after he

has escaped from jail. The subject is discussed in the case of *McCaslin* v. *McCord,* 116 Tenn., 690, 94 S. W., 79.

The second question is: Should the prisoner, for the reason stated, be now released? We think not. The sheriff had no right to release the prisoner in the first instance, and, having again obtained the custody of him, he would hold him under the original commitment. He may have been guilty of a technical wrong in rearresting the prisoner without a warrant, and may be liable for at least nominal damages therefor; but this does not change the principle that, having regained the custody of his prisoner, it was his duty to hold him under the former commitment until satisfaction of its demands. The principle is substantially the same as that which underlies the cases holding that although a prisoner has been unlawfully seized in a foreign State, and brought into a State where an indictment is pending against him, from which he has fled, he may still be held under process of the latter State, and tried on the charge, and that he will not be released in *habeas corpus* proceedings because of the original wrongful arrest or seizure. *Cook* v. *Hart,* 146 U. S., 183-195, 13 Sup. Ct., 40, 36 L. Ed., 934, and cases cited; *Re Johnson,* 167 U. S., 120-122, 17 Sup. Ct., 735, 42 L. Ed., 103, and cases cited.

There are two sections of Shannon's Code which show what the duty of the sheriff was while he yet had the prisoner in custody. They are sections 7417 and 7424. According to section 7417 the prisoner must first serve

out the time for which he is sentenced, and then work out his fine and costs. According to section 7424, after the time of imprisonment has been served, the prisoner may be, with his consent, bailed out to any one who will secure his fine and costs. Such bail cannot be given, however, until the original term has been served. It had not been served in this case, and the release on bond was premature.

It results from what has been said above that there is no error in the judgment of the trial judge, and it must be affirmed.