STATE ex rel. RESLEY KEY v. C. F. CRON, et al.

Middle Section. January 17, 1931.

Andrew Carpenter and Norman Farrell, of Nashville, for plaintiff in error, Key.

J. W. Murrey, J. T. Baskerville, and J. T. Durham, of Gallatin, for defendants in error, Cron, et al.

CROWNOVER, J.   This is an action on a constable's bond for damages for personal injuries inflicted on the plaintiff below by the defendant Cron, a constable, while making an arrest without a warrant.   The plaintiff, Key, had been convicted of making liquor and was serving a jail sentence when he escaped and had been at large for several months, when apprehended by the defendant Cron and other officers.

Defendant Cron and the sureties on his bond demurred and later pleaded the general issue.

The action was tried by the judge and a jury and resulted in a judgment for the defendants.   The plaintiff's motion for a new trial was overruled and he has appealed in error to this court and has assigned errors, which are as follows:

(1) There is no evidence to sustain the verdict and judgment, and the trial court erred in refusing to direct a verdict for the plaintiff.

(2) The court erred in its charge to the jury, in effect that if the defendant, Cron, did not know that Key had escaped jail and was a fugitive, but attempted to arrest him because he was ordered to do so by the deputy sheriff and was not acting in his official capacity, then he and his bondsmen would not be liable.

(3) The court erred in excluding certain testimony of Dr. Brooks as to the doctors' and hospital bills.

Resley Key was, on September 20, 1926, convicted in the Circuit Court of Sumner County for manufacturing intoxicating liquors, and was sentenced to ninety days in jail and fined $250 and costs. Before he had finished serving his sentence he escaped jail and was at large for several months.   He went out of the State to Alabama, then to Indianapolis, and back to his home in Sumner County, and a short time before his re-arrest he had moved to Kentucky.   On the night of May 9, 1927, he and his cousin, Luther Key, who had also been convicted of manufacturing liquor and who had also escaped at the same time, drove in an automobile from Kentucky into Sumner County.   At about eleven o'clock that night they were driving along a public road about nine miles beyond Gallatin, when they stopped their car beside the road in order to repair the spark plugs.

C. F. Cron and two other constables, Keen and Graves, and a deputy sheriff, B. C. Claiborne, had gone out together to arrest a

man charged with larceny. They did not know that Resley Key and Luther Key were in the County and they had no warrant for their re-arrest, but they all knew Resley Key and knew that he had escaped from jail.

When the officers reached the point where the Key car was parked beside the road, they stopped to offer assistance. Constables Cron and Keen stopped their car just in front of the Key car, got out and went to the side of the car to ascertain the trouble. About this time Graves and Claiborne came up in another car. Resley Key knew all four of the officers and knew they were going to arrest him. One of the officers said, there is Resley Key, they are jail birds, grab them. Resley Key began to run. One of the officers called, "Stop, we are going to shoot you." Upon his failure to stop, C. F. Cron and another officer began to shoot. Cron shot Key in the leg with a 45 calibre Colts pistol, inflicting serious injuries, for which this suit is brought.

C. F. Cron was a constable of Sumner County and had qualified by executing bond in the sum of $4,000 with defendants, E. H. Parker, A. H. Hodges and J. W. Cron as sureties thereon.

1. The first assignments of errors to the effect that there is not evidence to support the verdict and that the court erred in not directing a verdict for the plaintiff, are not well made and must be overruled.

The plaintiff was an escaped misdemeanant who had been at large for several months, and the defendant constable and the other officers were attempting to arrest him without a warrant. A sheriff or constable has no authority, without a warrant, to arrest a person charged with a misdemeanor not committed in his presence, nor to re-arrest, without a warrant, an escaped prisoner, convicted of a misdemeanor (when not a fugitive from justice from another state, Acts of 1921, ch. 85), unless while in fresh pursuit. McCaslin v. McCord, 116 Tenn., 690, 94 S. W., 79; Hurd v. The State, 119 Tenn., 583, 108 S. W., 1064; State ex rel. v. Endsley, 122 Tenn., 647, 126 S. W., 103; 5 C. J., 437.

If Cron had no warrant he was not acting in the performance of his duties as constable, he did not act in his official capacity, and he and the sureties on his bond are not liable. See opinion of this court in the case of State of Tennessee for the use of Susie Davenport et al. v. J. Logan Molloy, et al., Warren County Law, filed at Nashville on July 26, 1930.

The officer and the sureties on his bond are not liable for wrongs done while the officer is acting beyond the scope of his authority. Ivy v. Osborne, 152 Tenn., 470, 279 S. W., 384.

2. We are of the opinion that the paragraph in the charge of the court complained of, to the effect that if the constable, Cron, did

not know that Key had escaped from jail and was a fugitive but attempted to arrest him because he was ordered to do so by the deputy sheriff, then he and the sureties on his bond would not be liable, is well made and should be sustained for the reason that the uncontroverted proof shows that the defendant Cron knew Keys and knew that he, the deputy sheriff and other officers had no warrant for Key's re-arrest. There was no proof authorizing this paragraph of the charge, hence this assignment will be sustained, but it is immaterial and cannot affect the result.

3. The assignment that the court erred in excluding the evidence of Dr. Brooks as to the amount of the doctors' and hospital bills, is overruled, for the reason that the record does not show that this testimony was excluded. There is nothing in the record showing that any evidence of Dr. Brooks was excluded from the jury. Markland v. General Hospital, 5 Tenn. App., 519.

The determinative assignments of errors having been overruled, the judgment of the lower court is affirmed. The suit having been brought on the officer's bond, no recovery can be had against the officer individually. See McLendon v. State, 92 Tenn., 520, 22 S. W., 200.

The cost of the cause including the cost of the appeal is adjudged against Resley Key, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.