STEPHENS *v.* HINDS, Sheriff, *et al.*

(*Nashville,* December Term, 1945.)

Opinion filed May 4, 1946.

W. A. GARRETT and C. K. McBROOM, both of Jamestown, for plaintiff in error.

J. B. REAGAN, of Jamestown, for defendants in error.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff brought suit in the Circuit Court of Fentress County against John Hinds, sheriff of the county, and his bondsmen (naming them), and against · John Hinds individually, and against Ed. Hammick, deputy sheriff of Fentress County, and his bondsmen (naming them), and against Hammick individually, alleging that he was falsely imprisoned and confined in jail without any lawful process.

The declaration contains three counts:

(1) That on the night of April 13, 1945, one Joe Demumbrum, a deputy sheriff of Fentress County, and Robert Ledbetter, another deputy sheriff, came to his home at Wilder, in said State and county, and arrested him without a warrant for his arrest and without a mittimus to the sheriff; that John Hinds as sheriff, etc., locked up the plaintiff and deprived him of his liberty until April 16, 1945. He was later taken before T. A. Campbell, a justice of the peace, on a charge of murder, at which time he asked for a continuance, which was

654

granted. He was returned to jail until April 17, 1945. It is alleged that on that date the magistrate discharged him from custody, after hearing evidence offered by the State, and that the grand jury at the following May term of court failed to find an indictment against him.

(2) The second count sues John Hinds as sheriff and individually "for and on account of the matters evident and declared in the first count;" wrongs and injuries inflicted by Demumbrum, Ledbetter, and Hammick in their capacity as deputies sheriff. It is averred that the sheriff and his bondsmen are liable, and that said sheriff Hinds is individually liable for the wrongs and injuries inflicted by his deputies, above mentioned.

(3) The third count mentions by name the sureties on the sheriff's official bond and alleges that as sureties they are liable and responsible for the unlawful, illegal, and unwarranted actions of their said principal.

The defendants demurred to the declaration upon the following grounds:

(1) "Because the plaintiff's declaration does not allege a false arrest by either the Sheriff of Fentress County, John Hinds, or by the Deputy, Ed Hammick, the said declaration alleging that the defendant Deputy Sheriff arrested on a warrant; said declaration alleges that the arrest was made by two deputy sheriffs who are not parties to this cause."

(2) "Because the penalty of the Bond of the Sheriff and the deputy sheriff are limited and their obligation to liability flowing from official misconduct and they are not liable for the personal wrong of the Sheriff or his Deputy."

(3) "Because the declaration discloses a tortious act of the Deputy Sheriff, Joe Demumbrum and Robert Ledbetter done without color of authority."

(4) "The above named defendants as bondsmen of the Sheriff are not liable for an unlawful arrest by the Sheriff, they are only answerable for faithful performance of Official duty, wherefore these defendants pray for judgment of the court hereon, and pray to be hence dismissed."

The trial judge sustained the demurrer and the plaintiff has appealed, assigning the following errors: (1) the circuit judge erred in sustaining defendants' demurrer for the reasons which will be urged and pointed out hereafter in our brief and argument; (2) the circuit judge erred in sustaining the demurrer without giving some reason for his action, etc.

The sheriff and his bondsmen are sued for an arrest made without a warrant by certain of his deputies. The plaintiff is proceeding upon the theory that the doctrine of *respondeat superior* applies.

In *Ivy* v. *Osborne et al.*, 152 Tenn. 470, 279 S. W. 384, it was held that sheriffs' bondsmen "are only answerable for faithful performance of official duty." "The sureties on the sheriff's bond are not liable for the tort of the deputy, who as the other self of the sheriff exercises office in his right."

Now in the instant case the deputies who arrested the plaintiff Shephens are not sued. Their action in arresting the plaintiff must be adjudged unlawful and hence actionable. But the sheriff is not liable officially. It is clear from the authorities cited in *Ivy* v. *Osborne* "the sheriff is not liable for the unauthorized arrest by the deputy." As said by the Court (Cook, J.) in that case, 152 Tenn. at pages 474, 475, 279 S. W. at page 385 "it was a personal wrong of the deputy, for which he alone would be liable, unless his act should fall within the exception to the general rule." One of the exceptions to

the general rule as pointed out by Mr Justice Cook, is where "*he directed, authorized, or co-operated in the wrongful act of the deputy.*" (Italics ours.)

In the first count of the declaration it is alleged that "John Hinds, the sheriff and jailer, unlawfully, illegally, and deliberately, wilfully and maliciously, took plaintiff into custody, locked him in the jail, etc., deprived him of his liberty without any warrant or mittimus or legal authority for so doing." We think this is a sufficient averment that the sheriff "cooperated in the wrongful act of the deputy."

In *McLendon* v. *State,* 92 Tenn. 520, 22 S. W. 200, 203, 21 L. R. A. 738, the suit was brought in the name of the State of Tennessee for the use of Henry Kennedy against A. J. McLendon, sheriff of Shelby County, and his sureties. It was there held that the sureties could not be held liable because the the sheriff arrested Kennedy under a void process, and the sheriff was not personally liable because "The name of the state cannot be used as a party litigant by one citizen against another citizen, in redressing a private wrong, though done by the latter during his incumbency of public office."

It was further argued by plaintiff's counsel that, while the suit was for breach of bond, it contained sufficient averments as to "McLendon in his individual or personal capacity." This contention, however, was overruled for the reasons above stated.

In *State ex rel. Key* v. *Cron et al.,* 12 Tenn. App. 615, the plaintiff sued in the name of the State a constable of Sumner County, and the latter's bondsmen, for an arrest without a warrant. The Court of Appeals held, citing *Ivy* v. *Osborne, supra,* that "The officer and the sureties on his bond are not liable for wrongs done while the officer is acting beyond the scope of his authority." It

was further held, "The suit having been brought on the officer's bond, no recovery can be had against the officer individually. See *McLendon* v. *State,* 92 Tenn. 520, 22 S. W. 200 [21 L. R. A. 738]." This last statement is misleading. What the court really meant to say and hold was that there could be no personal liability because the suit was brought in the name of the State.

A correct summary of the court's holding is that the constable and his bondsmen were not liable because the said officer had no warrant to arrest the escaped prisoner, and the officer was not personally liable because the suit was, as in *McLendon* v. *State,* brought in the name of the State.

■ ■ Now in the instant case the trial judge would have been entirely correct had he dismissed plaintiff's suit against the sureties on the sheriff's official bond because it was not brought in the name of the State for the use of the plaintiff. Doubtless the learned judge had this fact in mind in sustaining the demurrer, although he gave no reason for his action. We think, however, he was in error in sustaining the ·demurrer against the sheriff in his individual capacity because the plaintiff's suit was not in the name of the State and the averments in the first count of the declaration are sufficient to charge the sheriff with cooperating with his deputy in the wrongful act of receiving the plaintiff from said deputy and incarcerating him without a lawful warrant or mittimus issuing from a court of competent jurisdiction.

The judgment of the trial court is reversed as to John Hinds individually, and affirmed as to all other defendants.