32493, 32468. GOFORTH *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK *et al.*

DECIDED OCTOBER 12, 1949.

*C. D. Stewart, Harbin M. King,* for plaintiff.

*Henry Barnett, Mrs. Mary J. Nelson, William F. Buchanan,* for defendant.

GARDNER, J. (After stating the foregoing facts.) ■ The sureties on the bonds of sheriffs of this State are liable to persons for injuries proximately resulting to them, (1) because of the

failure of the sheriff to perform a duty imposed upon him by law, (2) because of the improper or neglectful performance of such a duty, and (3) for any wrongful act committed under color of his office. See Code § 89-418; *Robertson* v. *Smith,* 16 *Ga. App.* 760 (85 S. E. 988). If there is liability in this case against the surety on the bond of the sheriff or his deputy sheriff, it is on the theory that the acts done by them were done under the color of their offices.

In *Citizens Bank of Colquitt* v. *American Surety Co. of N. Y.,* 174 *Ga.* 852 (supra), "color of office" is defined as follows: "Color of office is a pretense of official right to do an act, made by one who has no such right." See also *Culpepper* v. *U. S. Fidelity &c. Co.,* 199 *Ga.* 56 (33 S. E. 2d, 168); *Luther* v. *Banks,* 111 *Ga.* 374, 377 (36 S. E. 826). Here the sheriff and his deputy, under the allegations of the petition, came to the home where the plaintiff was lying in with her six-day-old baby and pretended to her that they had the official right to take the baby from her when they had no such right. The sheriff told her and her aunt that he was sheriff, that he had a possessory warrant for the baby, that he had come for her, and then he and the deputy proceeded to take her forcibly against the will of the plaintiff.

In *Robertson* v. *Smith,* 16 *Ga. App.* 767, 769 (supra), this court held as follows: "An officer's acts are done colore officii when they are of such a nature that his official position does not authorize the doing of such acts though they are done in a form that purports they are done by reason of official duty and by virtue of his office. The test of liability in all cases of this character is found in the answer to the query: Did the principal act in an individual capacity? If he did, the surety is not liable; aliter, if he did not so act." The acts complained of against the sheriff and his deputy were done under color of office.

Counsel for the defendant contends that the surety is not liable for the acts of the principals if the acts were committed in connection with the service of a void process. He contends, therefore, that if the sheriff or his deputy in this case had a possessory warrant for the child it was void and the surety is accordingly not liable. In support of this contention, he quotes a part of *Robertson* v. *Smith,* 16 *Ga. App.* 760 (supra). A fuller and more complete quotation from this case, including that

quoted by counsel for the defendant, together with the foreign authorities cited in this quotation, is as follows: "For the official misconduct of a deputy, suit may be brought upon his or the sheriff's bond, at the option of the injured party. Civil Code § 295 [Code of 1933, § 89-427]. If, therefore, the petition sufficiently charges official misconduct on the part of the deputy, the suit upon the sheriff's bond can be maintained. Some of the cases hold that if the act of the officer was illegal, as, for example, an attempt to execute a process void upon its face, no suit upon the official bond will lie even though the act was under color of official authority. See Turner v. Collier, 4 Heisk (51 Tenn.) 89; State v. McDonough, 9 Mo. App. 63; McLendon v. State, 92 Tenn. 520 (22 S. W. 200, 21 L. R. A. 738); Chandler v. Rutherford, 101 Fed. 774 (43 C. C. A. 218). In other cases it is held that the mere fact that the officer's act was illegal will not prevent a suit upon his bond, if he was in fact acting under color of his office. Yount v. Carney, 91 Iowa, 559 (60 N. W. 114). Some of the decisions also draw a distinction between acts done virtute officii and those performed colore officii; but there is no difference between the two under our statute. Suit may be brought upon the sheriff's bond for any wrongful act 'committed under color of his office' by himself or his deputy, as well as for the improper performance of a duty imposed by law."

From this quotation we do not understand that the court adopted the law as applied by the foreign jurisdictions listed therein, to the effect that a surety on the sheriff's bond is not liable for injuries to others committed by him while acting under the color of his office in the service of a void civil process. However, in the instant case it is not necessary to determine whether or not this principle of law is generally applicable in this State. Assuming but not deciding that the surety would not be liable if they had a possessory warrant for the child, which would be void, the mere fact that they were the holders of such a void process would be no protection to their surety when the principals, acting colore officii, disposed of the "property" in a manner different from that directed by the law of this State in cases of possessory warrants.

Code § 82-102, relating to the subject, provides as follows: "The officer in whose hands the possessory warrant is placed

shall forthwith proceed to apprehend and arrest the body of the defendant, or party against whom the warrant is issued, and also to seize the property described in the warrant, if the same are to be found in his county, and carry the said defendant and said property, together with the warrant, before the judge or justice issuing the same or before any other judge or justice of said county."

Good faith in executing such a warrant on the part of the sheriff would require that he take the "property" before the judge or justice who issued the warrant or some other judge or justice of the county. Here, the sheriff, instead, took the child, not to any judge or justice of the county, but to other private individuals who forthwith removed her from the county altogether and took her to another county and city of this State many miles distant. Had the process been valid and served in this manner by the sheriff and his deputy, the surety would have been liable for the neglectful and improper performance of the duty of the sheriff. Even if it were the law in this State that the service of a void process does not amount to a breach of the official bond, the surety here could not rely for a defense to this action upon such ground, because its principals so executed the process that the same cause of action would have arisen had it been valid.

The petition does not allege that the sheriff or his deputy had a possessory warrant. The only allegation in this respect is that the sheriff stated that he had such a warrant. Whether they had the warrant or not is immaterial. Counsel for the defense relies on Code § 24-2813 for his position that an officer acting under color of his office is not liable for executing a void warrant or process. This Code section provides as follows: "It is the duty of the sheriff . . (1) To execute and return the processes and orders of the courts, and of officers of competent authority, if not void, with due diligence, when delivered to them for that purpose, according to the provisions of this Code." A cursory reading of this Code section shows that it does not protect an officer acting under color of his office from liability for damages for executing even a void warrant in a manner which would have been illegal if the warrant had been valid. If the law excuses him for not executing a void warrant, it does not follow that it

excuses him for improperly executing a void warrant under color of office. This, of course, does not mean that a surety would be liable for acts of a sheriff or his deputy when they are purely personal even though in bad faith cloaked in official authority. In order for liability to attach to the surety, a sheriff or his deputy must actually be acting as sheriff or as deputy and without authority to so act in the particular matter. The general demurrers are therefore without merit.

■ ■ Code § 89-427 provides as follows: "Any person who claims damages of any principal officer for the act of his deputy, may at his *option* sue on said deputy's bond *instead* of on that of the principal in the same manner as suit may be brought on the principal's bond." (Emphasis ours.) Webster's new International Dictionary defines the word "option" to mean, "The exercise of the power of choice, the power of choosing, the right of choice, an alternative." The bond of a public officer is a contract of suretyship. Such a contract is to be strictly construed in the interest of the surety. *Board of Education of Miller County* v. *Fudge*, 4 *Ga. App.* 637 (1, a) (62 S. E. 154). It follows, therefore, that the plaintiff in the instant case cannot proceed against both contracts of suretyship, the one executed with the sheriff and the one executed with the deputy, but such plaintiff must elect upon which contract to proceed.

■ If the plaintiff intended in her petition to set out a cause of action against the deputy sheriff for $12,000 *ex delicto*, the effect of this would be to join an action ex delicto with an action ex contractu, which is prohibited under our law. See *Cantrell* v. *National Surety Co.*, 46 *Ga. App.* 202 (167 S. E. 314).

There being a misjoinder of causes of action, the trial court properly sustained this ground of each special demurrer. However, since the plaintiff has had no opportunity to amend her petition by electing upon which contract of suretyship to proceed and reducing the amount sued for accordingly, leave is granted to her to so amend her petition within ten days after the remittitur of this case is received in the trial court. Otherwise, the judgments will stand affirmed.

Pursuant to the act of the General Assembly as approved March 8, 1945 (Ga. L. 1945, p. 232) requiring that the whole

court consider any case in which one of the judges of a division dissents, or in the event the whole court desires to consider a case, this case was considered and decided by the court as a whole, by consent.

*The judgment in each case is reversed upon condition as above stated. All the Judges concur.*