34181. SHELTON *v.* FIDELITY & CASUALTY COMPANY OF NEW YORK.

Decided September 26, 1952.

*Harbin M. King, C. D. Stewart,* for plaintiff in error.

*Henry L. Barnett, James B. Langford,* contra.

Sutton, C.J. Clara Shelton sued the Fidelity & Casualty Company of New York, the surety on the official bond of Homer Johnson, who was formerly a deputy sheriff of Gordon County, for damages alleged to have been incurred by the wrongful acts of the deputy, together with George L. Fox, then Sheriff of Gordon County, in taking the plaintiff's infant daughter from her by force, without lawful warrant or process of any kind, but under color of office and then giving the child to someone else.

The defendant filed a plea, alleging in substance as follows: (1) Heretofore, on the 26th day of August, 1948, the plaintiff, Mrs. Clara Shelton, then Clara Goforth, by next friend, Mrs. W.

P. Goforth, filed suit in the Superior Court of Fulton County, Georgia, against this defendant and Homer Johnson, upon the bond here sued upon and the official bond of George L. Fox, as Sheriff of Gordon County, Georgia, upon and for the same cause of action as that now alleged in the plaintiff's petition. (2) On October 27, 1949, the plaintiff amended said suit so filed in the Superior Court of Fulton County, Georgia, by reducing the amount of damages claimed and sued for from $12,000 to $10,000, by striking the said Homer Johnson as a party defendant, and by striking all prayers for judgment against Homer Johnson and this defendant upon the bond of Homer Johnson attached thereto; and the plaintiff elected to proceed to trial against this defendant upon the bond of the principal officer, George L. Fox, as sheriff, instead of that of the deputy sheriff, Homer Johnson.

It was further alleged in the plea that, on the trial of said case in Fulton Superior Court upon the same cause of action as that now alleged in the plaintiff's petition, a judgment was rendered in favor of the plaintiff against said defendant, for the sum of $300; that the suit in which the judgment was rendered was between the same parties, and for the same cause of action as that now alleged in the plaintiff's petition; that the judgment rendered was a full and final adjudication of the claim and cause of action now sued upon; that the basis of the cause of action set out in the petition upon which judgment was rendered included the alleged misconduct of the principal in the bond now sued upon, Homer Johnson, as the deputy of George L. Fox, Sheriff of Gordon County, who was the principal in the bond sued upon in the case in which judgment was rendered against this defendant; that the plaintiff, having elected to proceed against the bond of the sheriff for the alleged misconduct of his deputy, Homer Johnson, is now barred from proceeding on the bond of said deputy sheriff; that the conduct of said deputy sheriff alleged in the present case is the same as was alleged in the suit upon which judgment was rendered, and that the plaintiff is estopped from prosecuting this action.

By an amendment to the plea, the defendant attached and made a part thereof a copy of the petition in the former suit, which is set out in *Goforth* v. *Fidelity & Casualty Co. of New*

*York,* 80 *Ga. App.* 121 (55 S. E. 2d, 656), and a copy of the amendment to the petition in that case, which struck Homer Johnson as a party defendant, reduced the damages sued for to the penal sum of Fox's bond, and struck the prayers for judgment on the bond of Homer Johnson.

The plaintiff's renewed demurrer to the amended plea was on the grounds that it set forth no defense to the petition and did not show why the plaintiff would be estopped from prosecuting her action, and that the plea was not verified as required by law. These grounds of demurrer were overruled.

It was agreed by the parties that the issues raised by the plea should be submitted to the court for decision without the intervention of a jury, and upon the following stipulation of facts: "It is agreed that the allegations of fact as contained in paragraphs one and two of defendant's plea in bar, as amended, are true and correct, and that the exhibits therein referred to and attached are true and correct copies of the pleadings therein referred to; it is further agreed that on the trial of the case therein referred to, in the Superior Court of Fulton County, Georgia, on the 6th day of November, 1950, the jury returned a verdict in favor of the plaintiff for the sum of three hundred ($300.00) dollars, upon which verdict the court entered up judgment, and which verdict and judgment was paid to said plaintiff; that on the trial of said case evidence was introduced before the jury by the plaintiff as to all of the acts and conduct of the said defendant's principal, George L. Fox, sheriff, and his deputy, Homer Johnson, all as set out and alleged in said petition, as amended, referred to in paragraphs one and two of the defendant's plea in bar, as amended, in the present case by the plaintiff."

The trial judge sustained the plea and dismissed the plaintiff's action, to which judgment, and also to the rulings sustaining a special demurrer to the petition and overruling the demurrers to the plea, the plaintiff excepted.

■ Code § 89-427 is as follows: "Any person who claims damages of any principal officer for the act of his deputy, may at his option sue on said deputy's bond instead of on that of the principal, in the same manner as suit may be brought on the principal's bond." In construing this section, it was held upon

consideration by the whole court in the case of *Goforth* v. *Fidelity & Casualty Co. of New York*, 80 *Ga. App.* 121, supra, that a plaintiff, alleging injury and damage by the wrongful acts of a sheriff and his deputy under color of their offices, must elect to proceed either upon the sheriff's bond or upon the deputy's, and that such a plaintiff could not sue on the bonds of both officers in the same suit. Here it appears that the plaintiff elected to sue on the bond of the sheriff, for the alleged wrongful acts of the sheriff and his deputy, and prosecuted that suit to judgment. Her demurrer to the plea asserts that she is not thereby estopped from subsequently bringing the present suit on the deputy's bond.

While there may be exceptional circumstances under which an election to proceed on the bond of the sheriff would not be conclusive after a judgment has been rendered in such suit, no such circumstances appear in the present case. In the former suit, the plaintiff recovered judgment against the surety on the sheriff's bond for an amount less than the penal sum of the bond, and in that suit alleged the same wrongful acts of the sheriff and of his deputy as are set out in the present petition. The sureties on the official bond of a sheriff are liable for a breach of its condition by a deputy sheriff as well as by the sheriff himself. Code, §§ 89-418, 24-2805. The plaintiff has already recovered judgment against the surety on the sheriff's bond for the same injury here complained of, and neither the plea nor the petition shows that such judgment is unsatisfied or cannot be satisfied by reason of the insolvency of the surety or because the penalty of the bond has been exhausted by other claims. Having elected to proceed against the surety on the sheriff's bond, and having obtained judgment on that bond, the plaintiff is bound by her election, and she cannot maintain this subsequent suit on the deputy's bond for the same injury, insofar as caused by the misconduct of the deputy. The general demurrers to the plea were properly overruled.

■ The plea filed was in bar of the plaintiff's action, and it was not a dilatory plea such as must be verified under the provisions of Code § 81-403. As the petition was not sworn to be true by the plaintiff, the defendant was not required to verify its plea by Code § 81-401. It was not error to overrule the

plaintiff's special demurrer in which it was contended that the plea was not properly verified, for no verification was necessary.

■ It was stipulated that the facts alleged in paragraphs one and two of the plea were true; that the attached pleadings in the former suit were correct copies of those filed by the plaintiff, and that the plaintiff, upon introducing evidence of the wrongful acts of the sheriff and his deputy as alleged in the former suit, had obtained a verdict and judgment for $300, which had been paid. In addition to what has been ruled in the first division of this opinion as to the validity of the plea, it is a fundamental principle that for one damage or injury, there can be but one satisfaction, and it was agreed as a fact that the judgment on the sheriff's bond had been paid. As stated in *Donaldson* v. *Carmichael,* 102 *Ga.* 40, 42 (29 S. E. 135), "Although one be damaged by the joint act of two persons, there is but one injury; and if that is satisfied, the party injured is placed in as near his normal condition as the law can place him. There can be no double recovery of the amount of damage which one has sustained. It would be as reasonable to ask to recover from one defendant twice the amount of the damage sustained, as it is to ask from each of two defendants payment of the full amount of such damage even when the cause of action is good against both. The plaintiff is entitled to only one satisfaction. . ." The plaintiff here, having exercised her option or having made her election to sue on the sheriff's bond instead of on that of the deputy, and having obtained satisfaction of the judgment rendered in that suit, cannot maintain the present suit on the deputy's bond for the same injury or damage, and the trial judge did not err in sustaining the plea and in dismissing the plaintiff's action.

The assignment of error on the sustaining of a special demurrer to the allegations of the petition seeking recovery of attorney's fees need not be considered.

*Judgment affirmed. Felton and Worrill, JJ., concur.*