### 55935. BUSBEE v. RESERVE INSURANCE COMPANY.

BELL, Chief Judge.

The plaintiff, the Governor of this state, brought this complaint in the Superior Court of Fulton County to recover on the faithful performance bond covering a former "Director of Corrections/Commissioner of Offender Rehabilitation." This party is referred to as the director. The defendant insurer's motion to dismiss the complaint was granted on several grounds. *Held:*

1. The complaint was dismissed in the trial court for lack of proper venue and jurisdiction as the court held that the director was a "law enforcement officer within the purview" of Code § 56-1201 (4). This statute provides in part that an action against an insurance company may be brought in any county ". . .where the property covered by

an insurance contract upon which an action is brought is located or where the person entitled to the proceeds of an insurance contract upon which action is brought maintains his legal residence. For the purpose of this subsection personal property shall be deemed to be located in the county of the legal residence of the owner thereof, and for the purpose of bringing suit under this subsection a company which has written a contract of insurance upon persons or property located in a particular county, or which has become surety for the performance of an obligation in a particular county shall be deemed to be transacting business in such county and shall be deemed to be a legal resident of such county: Provided further, that any action or suit on the bond of a sheriff, or other arresting or law enforcement officer, or superior court clerk or deputy clerk, or clerk or deputy of any court of record, upon which any guaranty or surety company or fidelity insurance company is bound and obligated as surety, shall be instituted in the county of the residence of such officer, and not in any other county; and the county of the residence of such officer, is hereby fixed as the venue of any action or suit on such bond; . . ." The director at the time this suit was filed was a nonresident of Fulton County. However, we conclude he was not a law enforcement officer within the meaning of this venue statute. It was error for the trial court to dismiss the complaint because of improper venue. The terms "law enforcement officer" and "peace officer" are synonymous for the purpose of this statute. A peace officer is defined in our Criminal Code as "'Peace officer' means any person who by virtue of his office or public employment is vested by law with a duty to maintain public order or to make arrests for offenses, whether that duty extends to all crimes or is limited to specific offenses." Code § 26-401 (k). In *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (127 SE2d 454) the Supreme Court in passing on the constitutionality of Code § 56-1201 (4) stated: ". . . The primary purpose of this provision is to protect sheriffs and law enforcement officers, whose duties are primarily performed in county of their residence. The peculiar nature of their duties, requiring the arrest and imprisonment of those charged with violations of the

laws, dealing with dangerous criminals, or with drunk or disorderly persons, lunatics and others of warped mind, subjecting them to unusual danger and requiring extraordinary action on their part, thereby increasing the risk of liability to unfounded actions against them, justifies the classification and renders it reasonable." By statute the director had none of the above duties as he was basically the chief executive or administrative officer of the state's prison system. Code Ann. §§ 77-305, 77-504a. He had no power of arrest or police authority. The venue of this case was properly laid in Fulton County. The place of performance of the obligation secured by the bond was in this county as by statute the director's office is located in Atlanta. Code Ann. § 77-323.

2. Even though we hold that the trial court erred in dismissing the complaint because of improper venue, we affirm the dismissal as the complaint failed to state a claim on which relief can be granted. The complaint alleged that the former director initiated, advised, sought and obtained from the Board of Corrections a salary increase of $9,900, which increase was not authorized as his salary could only be increased by an Act of the legislature. It is this allegation which forms the basis of this suit. Paragraph 4 of the bond which was attached to the complaint stated indemnification would ensue for "Loss caused to the Insured through the failure of any of the Employees, acting alone or in collusion, with others, to perform faithfully his duties or to account properly for all monies and property received by virtue of his position or employment during the Bond Period, the amount of indemnity on each of such Employees being the amount stated in the Table of Limits of Liability applicable to this Insuring Agreement 4."

The payment of salary which plaintiff admits was later determined to be unauthorized does not fall within this indemnification provision. The money was paid to the director as an individual and not for the use and benefit of the prison system that he served. Seeking and receiving a pay raise from his superiors, the Board of Corrections, was not an act required in the performance of an official duty as director, nor can an unauthorized salary raise be classified as money which came into his hands by virtue of

454

his official position as the director. See *Culpepper v. United States Fidelity &c. Co.*, 199 Ga. 56 (33 SE2d 168) and *Goforth v. Fidelity &c. Co. of N. Y.*, 80 Ga. App. 121 (55 SE2d 656). The trial court correctly dismissed the complaint.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

Submitted May 22, 1978 — Decided September 12, 1978 — Rehearing denied October 12, 1978 —

*Arthur K. Bolton, Attorney General, J. David Dyson, Assistant Attorney General,* for appellant.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr.,* for appellee.