## 55935. BUSBEE v. RESERVE INSURANCE COMPANY.

UNDERWOOD, Judge.

This is a proceeding on behalf of the state seeking to recover against the surety on a performance bond covering a former state employee who received a salary increase determined to be unauthorized in *State v. MacDougall,* 139 Ga. App. 815 (229 SE2d 667) (1976), affd. 238 Ga. 406 (233 SE2d 195) (1977). The trial court granted the surety's motion to dismiss the complaint, holding that jurisdiction and venue were lacking, that the

loss was not included within the bond's coverage, and that recovery was barred under a cancellation provision of the bond.

In the first appellate appearance of this case, we held that the trial court erred in dismissing for lack of jurisdiction and venue, but we affirmed the dismissal of the complaint on the ground of no coverage. *Busbee v. Reserve Ins. Co.,* 147 Ga. App. 451 (249 SE2d 279) (1978). The Supreme Court reversed the latter ruling on certiorari (*Busbee v. Reserve Ins. Co.,* 243 Ga. 371 (1979)), and consequently we vacate that portion of our opinion and reverse in accordance with the opinion of the Supreme Court.

It now becomes necessary to rule upon the third ground of the trial court's order. Section 6 of the bond provides: "This Bond shall be deemed canceled as to any Employee: (a) Immediately upon discovery by the Obligee or the Insured [State of Georgia and Department of Offender Rehabilitation] of any, act on the part of such Employee which would constitute a liability of the Surety under the applicable Insuring Agreement covering such Employee." The surety successfully contended below that the state and department necessarily had knowledge that the employee's acts in obtaining the pay raise and accepting the higher salary were wrongful and constituted a liability under the bond so as to effect its cancellation before any loss occurred. However, we are unable to hold that this conclusion must follow as a matter of law from the pleadings alone, and consequently we must reverse as to this ground as well.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 3, 1979.

*Arthur K. Bolton, Attorney General, J. David Dyson,* for appellant.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr.,* for appellee.