## 32258. CHILIVIS v. NATIONAL DISTRIBUTING COMPANY, INC.

JORDAN, Justice.

Nick P. Chilivis, State Revenue Commissioner, appeals from an order denying his motion to dismiss, or, in the alternative, for summary judgment. This court granted the application for interlocutory appeal.

National Distributing Company, Inc., brought its action against Nick P. Chilivis, State Revenue Commissioner, and Premium Distributing Company, Inc. No relief was prayed against Premium. National alleged: It is a licensed wholesaler of wine in the state, and

Premium is a designated sub-jobber or salesman for it in the distribution of wines from named out-of-state wineries. National has continuing and exclusive commitment from these wineries whereby it purchases wine directly from them for distribution in the state. On August 19, 1975, Premium filed a complaint with the commissioner requesting that he hold a hearing on the subject of the contractual relationship between National and Premium, and that he issue an order allowing Premium to purchase wine directly from the wineries, which would be in violation of National's rights, and in contravention of National's contractual relationship with Premium. The commissioner issued an order on September 3, 1975, asserting jurisdiction over the subject matter of the complaint, and directing National to appear at a hearing on October 20, 1975. The commissioner has no authority, either under the laws of Georgia, or under the rules and regulations of the department of revenue, to hold a hearing on Premium's complaint of August 19, 1975, and the former commissioner had no authority to issue an order dated April 23, 1973; that such orders and hearings are ultra vires, beyond the scope of the commissioner's statutory and regulatory authority, outside of the jurisdiction of the department of revenue, and unlawful. Regulation by the commissioner of the contractual rights of the parties is in contravention of National's due process rights under the Constitutions of the United States and the State of Georgia.

National prayed that the court enter a judgment declaring that the commissioner had no authority to issue the order of September 3, 1975, or hold the hearing ordered therein, and the former commissioner had no right to issue the previous order of April 23, 1973; and that the commissioner be enjoined from enforcing the orders.

The order of John A. Blackmon, then State Revenue Commissioner, dated April 23, 1973, was issued on the complaints of Premium Beverage Sales Company, Inc., and Southern Sales Company, Inc., against National, and ordered that the complainants are the exclusive wholesalers as to three named wineries for the brands and territories listed, the sales to be made from the wineries to

National and then by resale to the complainants.

The complaint to the commissioner, filed August 19, 1975, by Premium against National alleged: Premium is a licensed wholesaler of wine located in Clarke County, Georgia, and wholesales wine in named counties in the northeast area of the state. Premium filed its complaint in 1973 with the commissioner because National was selling Premium's brands of wine in Premium's designated territory. National has not acted in good faith since the hearing in 1973. It has refused to sell certain items of wine to Premium, including several new items of wine, and has refused to sell certain items of wine that Premium had traditionally distributed to the licensed retailers in northeast Georgia. Premium is the designated wholesaler of the wineries as shown in the records of the State Department of Revenue for all the items of wine presently being sold by these wineries in the state, and under the rules and regulations of the department of revenue, is the exclusive distributor of these items of wine to the licensed retailers located in the counties listed in the complaint, and is the designated wholesaler of certain items of wine traditionally sold by it to the licensed retailers in the designated area. Premium is faced with the situation of having to purchase many of its major items of wine through one of its competitors, National, and this is an unhealthy business relationship. Direct shipments from the wineries to it would eliminate this problem. The present method of distribution places Premium in a noncompetitive position on pricing in its northeast Georgia marketing area.

Premium prayed that the commissioner issue a citation to National to show cause why its state wine license should not be revoked; that upon hearing evidence, the commissioner revoke National's wine license, or place it on a long-term probation; that the commissioner issue an order, or adopt a regulation, that would allow Premium to purchase its brands of wine directly from the wineries; and for other relief.

The rule of the department of revenue under which the commissioner was acting in taking jurisdiction of Premium's complaint is 560-8-7-.15, entitled, "Designation of Sales Territories." The second paragraph

of this rule is as follows: "Every winery, manufacturer, importer, producer or broker shall designate in its application for registration with the State Revenue Commissioner sales territories for each of its brands sold in Georgia, and shall name one licensed wholesaler in each territory who, within such territory, shall be the exclusive distributor of such brand to the licensed retailers in that territory."

The rule thereafter states that issuance of a license constitutes approval by the commissioner of the designations contained in the application for license. It provides for the method of changing the designations, the bases under which designations may be changed, service upon each wholesaler affected by the proposed changes, and a hearing upon the request of any party, or on the commissioner's own motion. This rule purports to be issued under the authority of former Code Ann. § 58-914 (Ga. L. 1937, pp. 851, 857).

1. There is no merit in the contention of the commissioner that National's action for declaratory judgment and injunction is barred by the doctrine of sovereign immunity. The rule that the state may not be sued without its consent is not applicable to an action where injunction is sought to prevent the commission of an alleged wrongful act by an officer of the state acting under color of office but without lawful authority and beyond the scope of official power. *Dennison Mfg. Co. v. Wright,* 156 Ga. 789 (1) (120 SE 120) (1923); *Cannon v. Montgomery,* 184 Ga. 588 (2) (192 SE 206) (1937); *Holcombe v. Ga. Milk Producers Confederation,* 188 Ga. 358 (1) (3 SE2d 705) (1939); *Fleisher v. Duncan,* 195 Ga. 309 (1) (24 SE2d 15) (1943); *Ga. Public Service Comm. v. Atlanta Gas Light Co.,* 205 Ga. 863 (1) (55 SE2d 618) (1949); *Moore v. Robinson,* 206 Ga. 27 (2) (55 SE2d 711) (1949); *Ga. Power Co. v. Ga. Public Service Comm.,* 211 Ga. 223 (2) (85 SE2d 14) (1954); *Murdock v. Perkins,* 219 Ga. 756 (2) (135 SE2d 869) (1964); *Undercofler v. Eastern Air Lines,* 221 Ga. 824 (1) (147 SE2d 436) (1966); *Undercofler v. Seaboard A. L. R. Co.,* 222 Ga. 822 (1) (152 SE2d 878) (1966).

We have examined the other contentions of the commissioner as to why the action would be barred, and

have found them to have no merit.

2. The substantive issue in the case is whether the commissioner had the right to hold a hearing to inquire into the contractual relationship between National and Premium.

The commissioner argues at length that Rule 560-8-7-.15 was enacted under proper authority. However, we find the rule not applicable to the situation presented in Premium's complaint to the commissioner.

During the pendency of the case the General Assembly enacted a new Code Chapter 58-8, relating to wine taxation, effective on its approval April 8, 1977 (Ga. L. 1977, pp. 1316-1332), which provides (in § 58-809) that each shipper of wine from without the state shall designate brands sold in Georgia, and name one licensed wholesaler in each territory who shall be the exclusive distributor of such brands within such territory, and requires a hearing by the commissioner, under regulations promulgated by him for such purposes, before any change in designation may be made.

Neither Rule 560-8-7-.15, nor § 58-809 of the 1977 law, purports to regulate the private contractual rights between a wine wholesaler, designated by out-of-state wineries as the exclusive distributor of certain brands, and the wholesaler's sub-jobber or salesman, also a wholesaler. The rule governs the duties of any "winery, manufacturer, importer, producer, or broker" selling wine in Georgia. Section 58-809 of the 1977 law regulates persons shipping wines into Georgia. Section 58-821 of the 1977 law recognizes the right of a licensed wholesale dealer to sell to another licensed wholesale dealer, but their contracts are not regulated by the new law.

There was no specific law or regulation at the time of the filing of the present action, and there is no provision of the 1977 wine law, authorizing the settlement by the commissioner of the contractual dispute between National and Premium. An administrative officer cannot exercise judicial functions not conferred on him by law. The order by the commissioner requiring National to answer the complaint of Premium was beyond the scope of his authority and void. Compare: *Ga. Public Service Comm. v. Atlanta Gas Light Co.*, 205 Ga. 863 (3), supra;

*Ga. Power Co. v. Ga. Public Service Comm.,* 211 Ga. 223 (1), supra; *Pope v. Cokinos,* 231 Ga. 79 (1) (200 SE2d 275) (1973).

The trial judge did not err in denying the commissioner's motion to dismiss or motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1977 — DECIDED SEPTEMBER 8, 1977 — REHEARING DENIED SEPTEMBER 27, 1977.

*Arthur K. Bolton, Attorney General, David A. Runnion, Assistant Attorney General,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Carl E. Sanders, John L. Taylor, Jr., John P. Tucker, Jr., Leon Farmer, Jr., Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., Jonathan Golden,* for appellee.