482 S.E.2d 275 (1997)
267 Ga. 728
In the Interest of A.V.B.
No. S96G1697.
Supreme Court of Georgia.
March 3, 1997.
Reconsideration Denied April 3, 1997.
*276 Michael J. Bowers, Attorney General, Shalen A. Sgrosso, Asst. Atty. Gen., Department of Law, Atlanta, for appellant.
Vicky O. Kimbrell, Lisa J. Krisher, Phyllis J. Holmen, James Pettit, Atlanta, for Amicus Appellee.
FLETCHER, Presiding Justice.
The Georgia Advocacy Office filed a deprivation action alleging that A.V.B., a minor child, was deprived in the custody of the Dougherty County Department of Family and Children Services ("Dougherty DFCS"). The trial court dismissed the petition for failure to exhaust administrative remedies and the court of appeals reversed.[1] We granted certiorari to consider whether GAO's petition was barred by sovereign immunity. We conclude that sovereign immunity does not bar the action since GAO alleges that Dougherty County acted illegally in its care of the minor child and GAO seeks no damages. Therefore, we affirm.
A.V.B. is a minor child whose mother is deceased and whose father is incarcerated, though his parental rights have not been terminated. Dougherty DFCS obtained temporary custody of A.V.B. in 1993. GAO is the non-profit agency authorized in this state to act under the federal Protection and Advocacy for Individuals with Mental Illness Act of 1986.[2] GAO's petition alleged that Dougherty DFCS has abused, neglected and abandoned A.V.B. and as a consequence, A.V.B. is a deprived child. GAO did not seek damages on behalf of A.V.B., but sought a transfer of legal custody away from Dougherty DFCS to another county.
1. The state Department of Human Resources raised for the first time in its motion for reconsideration in the court of appeals that the doctrine of sovereign immunity protects Dougherty DFCS from allegations that A.V.B. is being abused and deprived in its custody. Dougherty DFCS's position is that A.V.B. cannot be deprived in its custody because of sovereign immunity; it does not otherwise challenge the legal sufficiency of the allegations.
The doctrine of sovereign immunity shields the state from suits seeking to recover damages. Sovereign immunity does not protect the state when it acts illegally and a party seeks only injunctive relief.[3] The relief sought in this case is akin to injunctive relief in that GAO is seeking to remove Dougherty DFCS as A.V.B.'s custodian. Additionally, the primary purpose of sovereign immunity is to protect state coffers.[4] Because GAO is seeking no monetary relief, this public policy concern is not implicated here.
The relevant public policy concern in this case is the protection of children and the legislation regarding deprivation proceedings must be construed liberally to effectuate this policy.[5] To this end, the legislature has expanded traditional standing requirements such that "any person ... who has knowledge of the facts alleged or is informed and believes that they are true" may bring a petition alleging deprivation.[6] In this case, the petition alleged that Dougherty DFCS committed A.V.B. to a state-run psychiatric institution in spite of contrary medical and psychological evaluations and that it denied *277 her of the care and education necessary for her physical, mental, and emotional health. These allegations are sufficient under O.C.G.A. § 15-11-15 to state a claim that A.V.B. is deprived. If GAO succeeds in proving that A.V.B. is deprived, it would establish that Dougherty DFCS has acted contrary to the laws and public policy of this state with regard to the care of this child. Sovereign immunity will not shield the state from an attempt to redress Dougherty DFCS's continued deprivation of A.V.B in contravention of the strong public policy of protecting children.
2. The state also argues that the juvenile court is without jurisdiction to direct placement of A.V.B. once the court has given temporary custody of her to Dougherty DFCS. In evaluating GAO's claims, however, the juvenile court is not charged with determining whether there were better options for placement of A.V.B. Rather, the court must determine if there is clear and convincing evidence[7] that A.V.B. is a deprived child within the meaning of O.C.G.A. § 15-11-2(8). Well-established standards exist to help the trial court with this determination.[8] Therefore, the trial court is not impermissibly substituting its judgment for that of Dougherty DFCS regarding the care of A.V.B.
3. We granted certiorari on the additional question of whether the appeal from a deprivation order requires an application for appeal. This court's recent decision in In Interest of J.P.[9] controls this question. In that case we held that appeals from final orders in deprivation cases are directly appealable and are not subject to the discretionary appeal procedure because deprivation cases under Title 15 are neither child custody cases nor domestic relations cases under O.C.G.A. § 5-6-35.
Judgment affirmed.
All the Justices concur, except BENHAM, C.J., and HUNSTEIN and THOMPSON, JJ., who dissent.
HUNSTEIN, Justice, dissenting.
IBM Corp. v. Evans, 265 Ga. 215, 216(1), 453 S.E.2d 706 (1995) holds that "government cannot cloak itself in the mantle of sovereign immunity when an injured party seeks to enjoin an illegal action." Id. at 216, 453 S.E.2d 706. The type of "illegal action" that justifies piercing sovereign immunity is action that is "under color of office but without lawful authority and beyond the scope of official power. [Cits.]" Chilivis v. Nat. Distributing Co., 239 Ga. 651, 654(1), 238 S.E.2d 431 (1977). The majority resolves the main issue in this appeal based on its limited analysis of IBM Corp., a case in which the injured party, IBM, sued the State to enjoin it from awarding a competitor a computer system contract, claiming the State had acted beyond its lawful authority in selecting the recipient of the contract. Claiming this case is "akin" to IBM Corp., the majority now authorizes a noninjured third party to sue a county Department of Family and Children Services for decisions that do not constitute "illegal acts" under Chilivis, supra. Because there are other, proper channels to achieve the result desired by the majority, I would affirm the trial court's dismissal of GAO's petition on the basis that the petition is barred by sovereign immunity.[10]
IBM Corp. and all the authorities cited therein involved plaintiffs bringing suit against the State to redress injuries that the particular plaintiff had or would incur as a result of the State's illegal action. In this *278 case, however, GAO is not an injured party. If there is an injured party, that party is A.V.B. GAO is not A.V.B.'s legal guardian, expressly does not seek custody of the child,[11] and self-evidently is not related to the child by blood or marriage. GAO is a non-profit corporation charged with implementing Federal legislation with the stated purposes of ensuring the protection of the rights of mentally ill persons and assisting states to establish and operate a protection and advocacy system for mentally ill persons. 42 U.S.C. § 10801(b). As a result of GAO's involvement in this matter, the injured party, A.V.B., voluntarily dismissed the administrative proceedings she had initiated while represented by her own legal counsel,[12] in which she sought to challenge her placement in the mental health institution. As to OCGA § 15-11-24,[13] I strongly disagree with the majority's position that the authorization to file a law suit controls the issue whether the State has waived its sovereign immunity. Parties are authorized to file suits seeking damages for personal injuries against government defendants, but that does not mean the sovereign immunity of such defendants has been waived. GAO's reliance on OCGA § 15-11-24 is shrewd, but I reject the argument that the statute authorizes a third party to dictate and determine the manner in which a Georgia DFCS office lawfully carries out its statutory duty as custodian of children.
IBM Corp. addresses the filing of a suit by an injured party seeking to enjoin an "illegal action." Id. at 216, 453 S.E.2d 706. Not only is GAO not an injured party, GAO cannot show that Dougherty DFCS has acted "illegally," i.e., without lawful authority and beyond the scope of official power. Chilivis, supra, at 654(1), 238 S.E.2d 431. The main thrust of GAO's petition is its position that Dougherty DFCS has placed a mentally healthy teenager in a mental health institution "solely to avoid the perceived difficulties in achieving appropriate placement in a foster home or group home." The allegedly improper placement of A.V.B. is an important issue, but a deprivation proceeding is not the proper forum under Georgia law for resolving this issue. OCGA § 15-11-2(8) sets forth the ways in which a child may be found to be a "deprived child" under Georgia law. Citing subsection (8)(C) of that statute, GAO claims A.V.B. has been "abandoned," but then asserts the child is under such constant supervision that she is not allowed to choose matters ranging from her clothing and food to her activities, companions, and books. These assertions reflect the exact opposite of what constitutes illegal abandonment in Georgia. See, e.g., In re J.C.P., 167 Ga.App. 572, 573-574, 307 S.E.2d 1 (1983). GAO also claims A.V.B. is effectively without a parent, guardian or custodian under subsection (8)(D) of OCGA § 15-11-2, even though the assertions GAO raises reflect its position that A.V.B. is being too closely supervised, in a manner befitting a child with mental illness, which GAO claims is unjustified because A.V.B. is not mentally ill. Nothing in GAO's petition raises the slightest inference that Dougherty DFCS has ceased carrying out its legal duty, with which it has been charged, see OCGA § 49-3-6, to care for A.V.B. as her legal custodian. Finally, GAO claims A.V.B. has been neglected, i.e., is without proper parental control and education under OCGA § 15-11-2(8)(A). GAO asserts the education A.V.B. receives as a juvenile patient at a mental health institute is "meager" in comparison to that received by a typical, mentally healthy teenager in public school. While the education A.V.B. receives during her current placement may not be comparable to a public school education, that does not mean she is not receiving "education *279 as required by law," id., nor does the location of her current placement alone reflect that A.V.B. is "without proper parental care or control." Id. GAO may not like where A.V.B. is placed, but that placement does not constitute an "illegal" neglect of this child under the legal standard for deprivation set forth in OCGA § 15-11-2(8)(A). While Georgia law recognizes a broad definition of "deprived child," e.g., Moss v. Moss, 135 Ga.App. 401(6), 218 S.E.2d 93 (1975), even the majority acknowledges that there are well-established quantifiable standards applicable to a determination whether a child is deprived, Majority opinion, at (2), citing In re Suggs, 249 Ga. 365, 291 S.E.2d 233 (1982), and it is clear from the record in this appeal that none of those standards apply here to support even an inference that A.V.B. is a "deprived child."[14]
The best interests of A.V.B. must be a primary concern in this matter. The trial court recognized that and did not conclude its inquiry into the matter after dismissing GAO's petition. Instead, the trial court ruled that it was exercising its authority under OCGA § 15-11-34(c) to initiate sua sponte a judicial review of A.V.B.'s current placement plan. To effect that review, the trial court provided for a hearing to be held, appointed a guardian ad litem to represent A.V.B. at the hearing, ordered an in-camera inspection of A.V.B.'s DFCS file and records pursuant to OCGA § 49-5-41(a)(2), and authorized a psychological evaluation of the child. Furthermore, the dismissal of GAO's petition appears in no way to have impaired A.V.B.'s right to reinitiate the administrative proceedings she earlier abandoned in which she sought a determination of her need for continued hospitalization.
The best interests of A.V.B. are capable of being addressed by the parties most appropriate to raise and assert them. IBM Corp., the sole authority cited by the majority for its holding, is completely distinguishable because GAO is not an injured party and the acts allegedly committed by Dougherty DFCS are not "illegal." Nevertheless, the majority in abbreviated fashion deems it appropriate to allow a third party to sue the State merely because the third party dislikes the way the State decides to carry out its lawful duties. It does A.V.B. and the citizens of this State a disservice to allow such an ill-advised encroachment on our State's sovereignty. Accordingly, I must respectfully dissent. I concur fully in Division 3.
I am authorized to state that Chief Justice BENHAM and Justice THOMPSON join this dissent.
NOTES
[1] In the Interest of A.V.B., 222 Ga.App. 241, 474 S.E.2d 114 (1996).
[2] 42 U.S.C. § 10801, et seq.
[3] International Business Machines Corp. v. Evans, 265 Ga. 215, 216, 453 S.E.2d 706 (1995).
[4] Id. at 218, 453 S.E.2d 706 (Hunt, C.J., concurring).
[5] See O.C.G.A. § 15-11-1.
[6] O.C.G.A. § 15-11-24 (emphasis supplied).
[7] See O.C.G.A. § 15-11-33(b).
[8] See In re Suggs, 249 Ga. 365, 291 S.E.2d 233 (1982).
[9] 267 Ga. 492, 480 S.E.2d 8 (1997).
[10] The majority, in commenting that the State raised the sovereign immunity defense "for the first time in its motion for reconsideration," has overlooked the fact that the State prevailed on other grounds in the juvenile court so it was not necessary to assert sovereign immunity until the Court of Appeals rendered its ruling reversing the juvenile court. The law is well established that sovereign immunity is not an affirmative defense and that the waiver of sovereign immunity "must be established by the party seeking to benefit from the waiver. [Cit.]" Ga. Dept. of Human Resources v. Poss, 263 Ga. 347(1), 434 S.E.2d 488 (1993).
[11] In its memorandum of law in opposition to the State's motion to dismiss the petition, GAO asserted that it "does not seek to be appointed guardian, and does not seek a particular placement of the child. GAO is not an agency competent to perform those functions."
[12] A.V.B. was represented by counsel from the Georgia Legal Services Program. GAO asserts legal representation was provided pursuant to a regulation of the Department of Human Resources, which was promulgated as a result of Federal litigation over the State's treatment of juveniles in State mental health institutions.
[13] OCGA § 15-11-24 provides that a petition alleging delinquency, deprivation or unruliness of a child "may be made by any person ... who has knowledge of the facts alleged or is informed and believes that they are true."
[14] The majority also states GAO is claiming A.V.B. has been "abused," although the assertions raised by GAO fall far short of the legal definition of abuse, either in the criminal or civil context. See, e.g., OCGA § 16-5-70 (cruelty to children); OCGA § 16-6-4 (child molestation); OCGA § 19-7-5(b)(3) (defining child abuse for purposes of terminating parental rights). See also 42 U.S.C. § 10802(1) (defining "abuse" for purposes of the Protection and Advocacy for Individuals with Mental Illness Act of 1986).