A97A2236. SEAY v. CLEVELAND et al.
(493 SE2d 30)

ELDRIDGE, Judge.

Defendant John Seay, Sheriff of Cherokee County, appeals the trial court's grant of a directed verdict to plaintiffs Arthur J. Cleveland and Annie Cleveland, and the court's denial of his own motion for a directed verdict. We affirm.

On October 1, 1991, the Clevelands successfully bid at a Sheriff's sale to purchase a home in Woodstock, Cherokee County, for $58,000. The sale was conducted by Shelley Laughhunn, Deputy Sheriff of Cherokee County, pursuant to a judgment and fieri facias. Following the sale, an administrative clerk in the Sheriff's office deducted the county's costs of the sale and paid the balance of the proceeds directly to the attorney for the plaintiff in execution, Peachtree Mortgage, Inc. The attorney then failed to use the proceeds to satisfy existing, superior liens on the property, subjecting the Clevelands to an obligation to pay off the loans or lose both the property and their $58,000 investment.[1]

On September 30, 1992, the Clevelands filed suit against Seay in his official capacity as Sheriff of Cherokee County for conversion,

---

[1] The attorney, Thomas L. Washburn III, P.C., subsequently pled guilty to a violation of OCGA § 9-13-16 and was sentenced to serve one year in prison; his license to practice law in Georgia was also suspended.

fraud, misrepresentation, and negligence, asking for compensatory damages in the amount of $54,803.41 in principal and interest; they also named Cherokee County, Peachtree Mortgage, Inc., and the attorney as co-defendants. Seay moved for a directed verdict at the end of the plaintiffs' case and at the end of trial; both motions were denied. However, the trial court granted the plaintiffs' motion for a directed verdict after finding that the official actions of Seay's employees were ministerial in nature, so that Seay was not entitled to the protection of sovereign immunity. Seay timely appealed. *Held*:

1. (a) Seay asserts that the trial court erred in granting the plaintiffs' motion for a directed verdict, claiming that he was entitled to the sovereign immunity in the same manner as Cherokee County, which previously had been granted summary judgment by the trial court upon its finding that the county was entitled to sovereign immunity under a 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983. See *Gilbert v. Richardson*, 264 Ga. 744, 747 (452 SE2d 476) (1994); see also OCGA § 50-21-22 (5); *Woodard v. Laurens County*, 265 Ga. 404 (456 SE2d 581) (1995); *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 53 (414 SE2d 638) (1992) (amendment became effective on January 1, 1991); *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149) (1995) and cases cited therein.

This amendment reads as follows: "Except as specifically provided by the General Assembly in a State Tort Claims Act,[2] all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their *ministerial functions* and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." (Emphasis supplied.) A "ministerial" function has been defined as "one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. [Cits.]" *Vertner v. Gerber*, 198 Ga. App. 645, 646 (402 SE2d 315) (1991). Further, the term "official function" has been interpreted to mean "any act performed with the officer's or employee's scope of authority, including both ministerial and discretionary acts. Under [these] definition[s], the 1991 amendment provides *no immunity for ministerial acts negligently performed* or for ministerial or discretionary acts performed with malice or an intent to injure." (Emphasis supplied.) *Gilbert*, supra at 753.

---

[2] The State Tort Claims Act, OCGA § 50-21-20 et seq., does not apply to counties. OCGA § 50-21-22 (5); *Woodard*, supra at 405.

In *Gilbert*, supra at 754, the plaintiff sued a sheriff in his official capacity for injuries received when a sheriff's deputy negligently performed a discretionary function as a peace officer, i.e., responding to an emergency call in such a manner as to cause a collision with the plaintiff. The Supreme Court of Georgia held that, "[s]ince deputy sheriffs are employed by the sheriff rather than the county, sheriffs may be liable in their official capacity for a deputy's negligence in performing an official function" under the doctrine of respondeat superior. Id. at 754. In so finding, the court held that the deputy's personal, official immunity did not protect the sheriff from liability, but that the sheriff was protected by the county's sovereign immunity for discretionary acts by his employees to the extent that the county had not waived its immunity by securing liability coverage. Id.

While this Court has concerns about whether or not a county's sovereign immunity protects a sheriff from liability and whether or not the requirement that the sheriff post a fidelity bond acts as a waiver of sovereign immunity, see Division 1 (b), infra, we are bound by the Supreme Court's holding in *Gilbert*, supra, that the county's immunity extends to a sheriff in his performance of discretionary acts.

However, this case is distinguishable from *Gilbert*, supra, in that the trial court specifically found that defendant Seay, through his employees, had negligently performed statutorily-defined *administerial* functions.[3] As such, Seay was not entitled to the protections of sovereign immunity under the 1991 constitutional amendment. We agree.

OCGA § 9-13-60 (c) specifically mandates certain procedures for performing a sheriff's sale of property. It requires that "[t]he proceeds of the sale [of the subject property] be applied first to the payment of liens superior to the claims taken up by the plaintiff in execution, next to the payment of principal advanced by the plaintiff in execution to put title in defendant, with interest to date of sale, and the balance to the execution under which the property was sold, and to other liens according to priority, to be determined as provided by law." OCGA § 9-13-60 (c). This statutory mandate allows no discretion on the part of the sheriff or his employees regarding how to disperse the funds acquired during a sheriff's sale. The act is mandatory and not directory.

"Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case.

---

[3] Both this Court and the Supreme Court of Georgia refused to consider an interlocutory appeal on this issue.

[Cit.]" *Woodard,* supra at 407. "Generally, the determination of whether an action is discretionary or ministerial depends on the character of the specific actions complained of, not the general nature of the job, and is made on a case-by-case basis. [Cit.]" *Crisp County School System v. Brown,* 226 Ga. App. 800, 803 (487 SE2d 512) (1997). The evidence presented in this case supports the conclusion that Seay, through his deputy, negligently violated the provisions of this mandate by failing to satisfy superior liens on the property and, instead, by paying the proceeds of the sale directly to the plaintiff in execution after subtracting the county's costs of the sale. As such, there was no error in the trial court's finding that Seay negligently performed an official ministerial function by failing to perform the procedures mandated by statute, which is negligence per se. Therefore, Seay forfeited the protections of sovereign immunity, and the plaintiffs were entitled to a directed verdict on this issue.

(b) Further, we note that this suit involves a breach of the sheriff's statutory duty toward the Clevelands, i.e., a duty to ensure that the funds paid at the sheriff's sale are distributed as required by statute so that the Clevelands, as purchasers of the property, gain title free and clear of any existing, superior liens. See *Alexander Investment Group v. Jarvis,* 263 Ga. 489, 491 (435 SE2d 609) (1993). As such, the sheriff's relationship to the Clevelands was imposed by statute as either a bailee[4] or fiduciary.[5] The Code imposes this duty directly on the sheriff's office, as opposed to the county, and the duty runs specifically to the Clevelands, thereby protecting them from liability for the outstanding loans. *Booth v. Firemen's Ins. Co.,* 223 Ga. App. 243, 246-247 (477 SE2d 376) (1996). Under this statutory duty, Seay was precluded from releasing the funds prior to satisfying the liens without incurring the loss of his own protection from suit by the Clevelands or by those holding liens on the property. *Alexander Investment Group,* supra at 491. Following such breach of his duty, Seay was subject to suit on his Sheriff's bond, an action which is ex contractu and therefore outside of the protection of sovereign immunity.

In Georgia, sheriffs are required to secure and maintain a fidelity bond in the amount of $25,000, "conditioned for the faithful

---

[4] A bailee is defined as "one to whom goods are bailed; one to whom goods are entrusted by a bailor; the party to whom personal property is delivered under a contract of bailment," express or implied. Black's Law Dictionary, 6th ed., p. 141. "The bailee is responsible for exercising due care toward the goods." Id. at 142.

[5] "One is said to act in a 'fiduciary capacity' . . . when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part." Black's Law Dictionary, 6th ed., p. 635.

accounting for all public and other funds or property coming into the sheriffs' or their deputies' custody, control, care, or possession." OCGA § 15-16-5. "The twin public policies recognized by the requirement that bonds be obtained are: (1) the county law enforcement officer should be held liable for tortious activity, even where connected with his official duties; and (2) he should be required to obtain insurance lest his liability should be rendered meaningless by his poverty." *Thompson v. Spikes*, 663 FSupp. 627, 641 (S.D. Ga. 1987). In addition, "[s]heriffs are authorized in their discretion to appoint one or more deputies, from whom they must take a bond with sureties, and are liable on their official bonds for the faithful performance of their duties as sheriffs, by themselves, their deputies, and their jailers." (Citations and punctuation omitted.) *Bd. of Commrs. of Richmond County v. Whittle*, 180 Ga. 166 (178 SE 534) (1935).

"A suit on a [sheriff's] bond is an action *in contract* for the tortious acts of the [sheriff's] deputy in the performance of his official duties. *Thompson v. Spikes*, supra." (Emphasis supplied.) *Booth*, supra at 246; see also *Fidelity-Phenix Ins. Co. v. Mauldin*, 118 Ga. App. 401 (163 SE2d 834) (1968); *Powell v. Fidelity &c. Co. of Maryland*, 48 Ga. App. 529 (173 SE 196) (1934). The written contract at issue is between the sheriff, the surety, and the county for the use and benefit of persons whose injuries proximately resulted "(1) because of the failure of the sheriff to perform a duty imposed upon him by law, (2) because of the improper or neglectful performance of such a duty, [or (3) because of] any wrongful act committed under color of [the sheriff's] office." *Goforth v. Fidelity &c. Co.*, 80 Ga. App. 121, 122-123 (55 SE2d 656) (1949); OCGA § 45-4-24; see also *Booth*, supra at 247; *Fidelity-Phenix Ins. Co.*, supra at 403-404; *Culpepper v. United States Fid. &c. Co.*, 199 Ga. 56, 58 (33 SE2d 168) (1945).

In OCGA § 50-21-1 (a), the General Assembly expressly waived the defense of sovereign immunity "as to any action ex contractu for the breach of any written contract . . . entered into by the state, departments and agencies of the state, and state authorities." See also Ga. Const. of 1983, Art. I, Sec. II, Par. IX (c). Since recovery in an action on a sheriff's bond is limited by the contractual amount of coverage, the General Assembly specifically provided for the extent of the waiver of sovereign immunity, as required by Art. I, Sec. II, Par. IX (e) of the 1991 constitutional amendment.[6] See Division 1 (a), supra. Therefore, this Court finds that the defense of sovereign immunity is expressly waived as to any action premised on the

---

[6] "The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

breach of such bond, up to the limits of the bond coverage or an insurance policy in lieu of the bond. OCGA § 50-21-1; cf. *Crisp County School System*, supra at 802 (recognizing that the dictum in *Gilbert*, supra at 751, regarding an express statutory waiver of sovereign immunity through the purchase of automobile liability insurance, is limited to the facts of that case); *Blumsack v. Bartow County*, 223 Ga. App. 392, 396 (477 SE2d 642) (1996) (finding that the purchase of liability insurance for the operation of a vehicle does not waive immunity for actions based on negligent maintenance); *Coffee County School Dist.*, supra at 295 (finding that OCGA § 20-2-991, concerning the purchase of general liability insurance by a school district, does not provide for a waiver of sovereign immunity as contemplated by the 1991 amendment).

2. Seay's remaining enumeration of error is rendered moot by our holding in Division 1, supra.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 16, 1997 — ▆▆▆▆▆▆▆▆▆

*Smith, Howard & Ajax, Harvey S. Gray, Michael D. St. Amand*, for appellant.

*Baker & Whitaker, Elliott R. Baker, William E. Whitaker, William G. Hasty, Jr., Jonathan A. Pope*, for appellees.