S98G0260. SEAY v. CLEVELAND et al.

(508 SE2d 159)

HUNSTEIN, Justice.

On October 1, 1991, appellees Arthur and Annie Cleveland successfully bid and purchased property in Cherokee County at a sheriff's sale. Appellant, John Seay, is the Sheriff of Cherokee County; his deputy, Shelley Laughhunn, conducted the sale. After the sale, another deputy deducted the county's costs of the sale and paid the remaining balance to the attorney for the plaintiff in execution. The attorney failed to use the proceeds to satisfy the existing superior liens on the property and instead kept the money. The Clevelands were thereafter required to pay off the superior mortgages or risk losing the property and the monies paid for the property. The Clevelands filed suit against Seay in his official capacity alleging that he failed to perform the procedures for disbursing funds as mandated by statute and that he negligently supervised his deputies. At trial, Seay moved for directed verdict. The trial court denied Seay's motion and granted a directed verdict in favor of the Clevelands finding that sovereign immunity does not apply to Seay because the deputies' acts were ministerial. The Court of Appeals affirmed and further held

that an action on a sheriff's bond constitutes an action ex contractu, thus sovereign immunity is waived under OCGA § 50-21-1 (a). *Seay v. Cleveland*, 228 Ga. App. 836 (493 SE2d 30) (1997). We granted certiorari and reverse because we find that the Clevelands' claims against Seay in his official capacity are precluded under the doctrine of sovereign immunity and it has not been established in this case that such immunity has been waived.

1. This case is controlled by our decision in *Gilbert v. Richardson*, 264 Ga. 744 (452 SE2d 476) (1994), in which we construed the constitutional provision extending sovereign immunity "to the state and all of its departments and agencies," Art. I, Sec. II, Par. IX, together with the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., and determined that a county sheriff sued in his official capacity could be held liable for a deputy's negligence in performing an official function only to the extent the county had waived sovereign immunity. Id. at 754. In *Gilbert*, we specifically defined the term "official function" to include both ministerial and discretionary acts performed within the deputy's scope of authority. Id. at 753.

In affirming the trial court's grant of a directed verdict in favor of the Clevelands, the Court of Appeals improperly distinguished *Gilbert* on the basis that the acts complained of in this case were ministerial and erroneously held that a sheriff is protected by the county's sovereign immunity only for the discretionary acts of his employees. *Seay v. Cleveland*, supra at 838. The holding of the Court of Appeals ignores the clear language of *Gilbert* finding that sovereign immunity applies equally to ministerial and discretionary acts and improperly limits the sovereign immunity to which the county and, therefore, Seay, is entitled under the Georgia Constitution. Under the facts of this case, Seay's deputies are charged with the negligent performance of "official functions," be they discretionary or ministerial in nature. Under the rule of *Gilbert*, Seay may assert the defense of sovereign immunity and may be held liable in his official capacity for his deputies' negligence only to the extent the county has waived such sovereign immunity. See *Gilbert*, supra at 754. Likewise, the Clevelands' claim against Seay in his official capacity for the negligent supervision of his deputies fails on sovereign immunity grounds. Although Seay might be held liable for negligent supervision had he been sued in his personal capacity, see *Gilbert*, supra at 750, sovereign immunity acts as a bar to such claims against a sheriff in his official capacity unless sovereign immunity has been waived.[1] Id. at

---

[1] For the benefit of both the bench and bar, we reiterate what we said in *Gilbert*: a sheriff sued in his official capacity may be held liable for the negligent performance of ministerial or discretionary acts of his employees only to the extent the county has waived sovereign immunity because he can only be sued in his official capacity under respondeat superior.

754. Accordingly, the trial court erred in finding that sovereign immunity did not apply to the Clevelands' claims against Seay.

2. The Court of Appeals found, and the Clevelands contend on appeal to this Court, that an action on a sheriff's bond under OCGA § 15-16-5 constitutes an action ex contractu as to which sovereign immunity is waived by OCGA § 50-21-1 (a). The Clevelands, however, made no such allegation in their complaint or motion for directed verdict or on appeal to the Court of Appeals. Inasmuch as the issue of whether the county's sovereign immunity had been waived by OCGA § 50-21-1 (a) was never presented to nor ruled upon by the trial court, it presents nothing for review on appeal. *Willingham v. Willingham*, 261 Ga. 674 (2) (410 SE2d 98) (1991). The Court of Appeals erred, therefore, when it sua sponte considered and ruled upon this issue.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 26, 1998.

*Smith, Howard & Ajax, Michael D. St. Amand, Harvey S. Gray,* for appellant.

*Elliott R. Baker, William E. Whitaker, William G. Hasty, Jr., Jonathan A. Pope,* for appellees.

*Burnside, Wall, Daniel, Ellison & Revell, James W. Ellison, Lee, Black, Scheer & Hart, R. Jonathan Hart, Emily E. Garrard,* amici curiae.

---

*Gilbert,* supra at 754. As to acts or omissions personal to the sheriff, however, he may be sued in his personal capacity and will be protected from such suits only to the extent official or qualified immunity applies. Id. at 750.