ANDERSON, Circuit Judge,
concurring specially, in which BIRCH and WILSON, Circuit Judges, join:
I join Part I of Judge Barkett’s concurring opinion. I agree that, with respect to the particular function at issue in this case, the Sheriff is acting on behalf of the state, and thus I can easily conclude that Clayton County is not liable in this case.
I also agree with Judge Barkett that the broader issue of the entity for whom a Georgia sheriff acts in his more general law enforcement functions is not an issue that must be addressed to resolve this case. If I am wrong, and the issue is before us, I believe that Judge Barkett’s analysis of the Georgia Constitution, statutes and case law more accurately reflects the status into which Georgia law has placed the sheriff. I do not believe that the general delegations from the Georgia legislature and the general provisions of state law concerning qualifications, responsibilities, training, and salary are sufficient to convert a Georgia sheriff (in his general law enforcement functions) into a state officer or into a state agent performing a state function.[1] Rather, I think that a Georgia sheriff is an independent constitutional officer at the county level, a local governmental position which, with respect to many functions, is independent of the main branch of the county government headed by the county commission. Although I agree with most of Judge Bark-ett’s analysis in her Part II, I have some doubt about her implication that the county, and thus the county treasury which is controlled by the county commission, would be responsible for a judgment against the sheriff in a civil rights action. It is possible that this issue would not be controlled by the Georgia cases that hold that the county commission is not liable for judgments against a sheriff in a state law cause of action. But it is also possible that a plaintiff in a civil rights action against a Georgia sheriff would have more limited sources for the satisfaction of any judgment against the sheriff,[2] e.g., the sheriffs bond, or the insurance proceeds- if the county commission had provided insurance coverage for the sheriff.[3] Because the county is not liable in any event in the instant case, I need not resolve issues of *1350 the sheriffs status with respect to functions other than the particular function involved in this case, that is, whether with respect to such other functions the sheriff is acting for the state, or the county, or as an independent constitutional officer at the county level. Nor need I resolve the issue of the county’s liability when the sheriff is acting solely in his status as an independent constitutional officer at the county level, i.e., whether the county fisc, which is controlled only by the county commission, would be liable, or whether only the sheriffs bond or other assets under the sheriffs control would be liable. In my judgment, it is wiser to leave to another day issues which need not be decided to resolve the instant case.

. As Judge Barkett points out, most of the general provisions relied upon in Judge Hull’s opinion have parallels with respect to other clearly local governmental officials.

. Indeed, this may be the more probable situation, in light of our precedent suggesting that a county cannot be liable trader Section 1983 for the actions of an official who is not subject to the control of the county commission, which in turn controls the county fisc. See Marsh v. Butler County, 268 F.3d 1014, 1027 (11th Cir.2001) (en banc); Turquitt v. Jefferson County, 137 F.3d 1285, 1292 (11th Cir.1998) (en banc).

. A county may, by legislative act, waive the sheriff’s sovereign immunity. See Seay v. Cleveland, 270 Ga. 64, 65, 508 S.E.2d 159 (1998) (holding, in claim arising out of allegedly wrongful sale of goods at sheriff's auction, that sheriff "may assert the defense of sovereign immunity and may be held liable in his official capacity for his deputies' negligence only to the extent the county has waived such sovereign immunity") (emphasis added); Howard v. City of Columbus, 239 Ga.App. 399, 410, 521 S.E.2d 51 (1999) (citing Seay in case involving provision of health care to jail inmate, "the county sheriff in his official capacity is immune from tort liability in performing an official function and may be liable only to the extent that the county had waived sovereign immunity by statute.”). As made clear in the aforementioned cases, the county's ability to waive the sheriff’s immunity is not limited to automobile claims.