**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 14, 2013**

# In the Court of Appeals of Georgia

A13A0970. BULLOCH COUNTY SCHOOL DISTRICT v. GEORGIA DEPARTMENT OF EDUCATION.

BOGGS, Judge.

On May 16, 2011, the Georgia Supreme Court held the 2008 Georgia Charter Schools Commission Act, OCGA § 20-2-2081 et seq., unconstitutional because it violated the "special schools" provision of the Georgia Constitution, Ga. Const. of 1983 Art. VIII, Sec. V, Par. VII (a). *Gwinnett County School Dist. v. Cox*, 289 Ga. 265 (710 SE2d 773) (2011). On March 2, 2012, the Bulloch County School District ("the District"), one of seven plaintiff-appellants in the litigation, id. at 265 n.1, filed a "Motion for an Order Directing the Georgia Department of Education to Disgorge Funds Wrongfully Withheld from the District," arguing that the Supreme Court's decision should be applied retroactively under the three-pronged test established by

the U. S. Supreme Court in *Chevron Oil Co. v. Huson*, 404 U. S. 97 (92 SCt 349, 30 LE2d 296) (1971). See *Findley v. Findley*, 280 Ga. 454, 460 (629 SE2d 222) (2006). The Department responded, asserting that the District's claim was barred by sovereign immunity, that the claim was properly for money had and received and was asserted against the wrong party, that the claim was barred by the principles of unclean hands and laches, and that the Supreme Court's decision should not be applied retroactively. The District did not file a reply brief below.

The trial court denied the District's motion in a brief, nonspecific order, and the District appeals, arguing for the first time on appeal that its claim for disgorgement of funds falls under the contractual waiver to sovereign immunity in Ga. Const. Art. I, Sec. II, Par. IX (c) and OCGA § 50-21-1 (a). Because the District's claim is barred by sovereign immunity, we affirm.

1. Ga. Const. Art. I, Sec. II, Para. IX (e) provides:

Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

2

Here, the District's claim amounts to an action for money had and received or unjust enrichment. Such actions are barred by sovereign immunity. *DeKalb County School Dist. v. Gold*, 318 Ga. App. 633, 640 (1) (b) (734 SE2d 466) (2012) (bars action for money had and received, unjust enrichment, or promissory estoppel); *Georgia Dept. of Community Health v. Data Inquiry,* 313 Ga. App. 683, 687 (2) (722 SE2d 403) (2012) (bars action for unjust enrichment or quantum meruit). "The doctrine of sovereign immunity shields the state from suits seeking to recover damages. . . . the primary purpose of sovereign immunity is to protect state coffers." (Citations and footnotes omitted.) *In the Interest of A.V.B.*, 267 Ga. 728 (1) (482 SE2d 275) (1997) (sovereign immunity allows complaint seeking injunctive relief and no damages).[1] The District's claim therefore is barred by sovereign immunity.

Moreover, the District failed to preserve the claim of waiver which it now asserts for the first time before this court. "Sovereign immunity is not an affirmative defense (see OCGA § 9-11-8 (c)) that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver." *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (1) (434 SE2d

---

[1]The District does not assert that its motion for funds sought injunctive relief.

488) (1993), overruled on other grounds, *Hedquist v. Merrill Lynch*, 272 Ga. 209, 211 (1) (528 SE2d 508) (2000). The District, not the Department, therefore had the burden of establishing a waiver of sovereign immunity. Id.

The Department asserted its defense of sovereign immunity in its answer and in its response to the District's motion. The District, however, did not assert any waiver of sovereign immunity in its complaint or in its motion seeking funds from the Department. Nor did it file a reply brief responding to the Department's assertion of sovereign immunity with respect to its motion. It never asserted any claim of waiver under OCGA § 51-21-1 (a) of the claim of sovereign immunity until it filed its brief in this court.[2]

The posture of this case therefore is directly controlled by *Seay v. Cleveland*, 270 Ga. 64, 66 (2) (508 SE2d 159) (1998). In that case, the Georgia Supreme Court reversed the decision of this court holding that an action on a sheriff's bond under OCGA § 15-6-5 was "an action ex contractu as to which sovereign immunity is

---

[2]The sole decision cited by the District on appeal for its contention that immunity is waived under OCGA § 51-21-1 (a) is *Alverson v Employees' Retirement Sys.*, 272 Ga. App. 389 (613 SE2d 119) (2005). It does not appear that *Alverson*, holding that sovereign immunity did not bar claims under a statutory retirement plan that was part of state employees' contracts of employment, id. at 391 (1) (b), would apply to a direct statutory allocation of funding outside the employment context. But we need not reach that issue.

4

waived by OCGA § 50-21-1 (a)." Id. at 66 (2). The Supreme Court held that the plaintiffs "made no such allegation in their complaint or motion for directed verdict or on appeal to the Court of Appeals. Inasmuch as the issue of whether the county's sovereign immunity had been waived by OCGA § 50-21-1 (a) was never presented to nor ruled upon by the trial court, it presents nothing for review on appeal. [Cit.]" See also *Kelleher v. State of Georgia*, 187 Ga. App. 64, 64-65 (1) (369 SE2d 341) (1988), in which we noted that because the appellant never alleged a waiver of sovereign immunity below, the State was not required to address it. Morever, the trial court was never presented with the issue and never ruled on it, and we held, "Consequently, this contention presents nothing for review on appeal. [Cit.]" Id.

2. Based upon our holding in Division 1, we need not address the District's remaining enumeration of error regarding the retroactivity of the Supreme Court's decision in *Gwinnett County*, supra.

*Judgment affirmed. Doyle, P. J., and McFadden, J., concur.*