# Court of Appeals
# of the State of Georgia

ATLANTA,___June 04, 2014_____

*The Court of Appeals hereby passes the following order:*

## A14A0175. RAW PROPERTIES, INC. v. LAWSON et al.

In the above-styled case, plaintiff Raw Properties filed suit against Claudia Lawson, in her official capacity as the county's tax commissioner and while acting as an ex-officio sheriff pursuant to OCGA § 48-5-137, and DeKalb County, contending that the defendants conducted a tax sale of its property without providing it with statutorily required prior written notice of the tax sale. Raw Properties sought reimbursement of the $26,000 statutory redemption fee it had to pay the county when it purchased the property from the person who bought it at the tax sale.

On appeal, Raw Properties filed an appellate brief asserting, inter alia, that the trial court had erred in concluding that, despite the defendants' failure to provide actual written notice of the tax sale, they had at least provided constructive notice to Raw Properties' owner through telephone calls. The defendants then filed an appellate brief responding to the merits of the alleged errors, and Raw Properties filed a timely reply brief. A few weeks later, however, the defendants filed a joint supplemental brief in this Court, contending for the first time that Raw Properties' claims were barred as a matter of law by the doctrine of sovereign immunity. Because the defendants did not raise this threshold issue in the trial court, that court did not rule on whether sovereign immunity barred the instant claims.[1] Further, because the

---

[1] To the extent the defendants are protected by sovereign immunity, they have not waived that protection, despite their failure to raise this issue in the trial court. See *Bullock County School Dist. v. Ga. Dept. of Educ.*, 324 Ga. App. 691, 693 (1) (751 SE2d 495) (2013) ("Sovereign immunity is not an affirmative defense that must

defendants first raised this issue in a supplemental brief, Raw Properties did not have the opportunity to respond to the sovereign immunity issue in this Court.

Consequently, we have concluded that, until the sovereign immunity issue is resolved, our consideration of and ruling on the merits of Raw Properties' allegations of error would be premature and would effectively constitute an improper advisory opinion. Further, it would be unjust to Raw Properties for this Court to rule that its claims are completely barred as a matter of law without giving it an opportunity to show that the sovereign immunity of Lawson, the county, or both has been waived.

Accordingly, this case is hereby REMANDED to the trial court for a hearing and ruling on whether sovereign immunity bars the instant claims against Lawson, the county, or both.

Then, if the trial court concludes that sovereign immunity bars the action against Lawson and/or the county, Raw Properties will have the opportunity to file an appeal from that ruling and will also be able to raise the issues presented in the instant appeal for this Court's consideration. In the alternative, if the trial court concludes that sovereign immunity does not apply to Lawson and/or the county, Raw Properties will then have the opportunity to file a new appeal to reassert the merits of the alleged errors currently on appeal.

---

be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver.") (citations and punctuation omitted); *Collins v. Byrd*, 204 Ga. App. 893, 895 (3) (420 SE2d 785) (1992) ("[T]he general rule is that[,] in the absence of express statutory (or constitutional) authorization, neither counsel for the state nor any of its agencies may, by affirmative action or by failure to plead, waive the defense of governmental immunity.") (citation and punctuation omitted).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/04/2014
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen* *, Clerk.*