**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 14, 2021**

# In the Court of Appeals of Georgia

A21A0453. YOUNG v. JOHNSON et al.

GOBEIL, Judge.

Adrienne Young sustained injuries when her vehicle was hit by a vehicle driven by Steve Johnson, a City of Atlanta (the "City") employee. The City owned the vehicle Johnson was driving, and he was acting within the course and scope of his employment at the time of the crash. Young filed a negligence action against the City, under a theory of respondeat superior, and against Johnson in his individual capacity. The City and Johnson answered the complaint and filed a motion to dismiss the complaint for failure to state a claim, asserting in relevant part that Young's claims were barred by sovereign immunity and that she failed to cite any statutory waiver of sovereign immunity that would apply to her allegations. Young did not thereafter amend her complaint or respond to the motion to dismiss, and the trial court granted

the motion as to the City and Johnson. Specifically, the trial court ruled that (1) Young failed to establish that the City had waived sovereign immunity in the action, and (2) Johnson could not be held liable in his individual capacity. This appeal followed. In her sole claim of error, Young argues that the trial court erred by ruling that she had not established a waiver of the City's sovereign immunity because the City's immunity is clearly and explicitly waived by OCGA § 36-92-2 (a) (3). As explained below, we find no error and affirm.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." *Douglas v. Dept. of Juvenile Justice*, 349 Ga. App. 10, 10-11 (825 SE2d 395) (2019) (citation and punctuation omitted). See also *City of Tybee Island v. Harrod*, 337 Ga. App. 523, 524 (788 SE2d 122) (2016) ("Sovereign immunity of a municipality is not an affirmative defense, going to the merits of the case, but raises the issue of the trial court's subject matter jurisdiction to try the case, and waiver of sovereign immunity must be established by the party seeking to benefit from that waiver[.]") (citation and punctuation omitted).

Under Georgia law, municipal corporations are immune from suit pursuant to Article IX, Section II, Paragraph IX of the Constitution of the State of Georgia, unless that immunity is waived by the General Assembly. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). Specifically, with regard to municipal corporations, our General Assembly has enacted OCGA § 36-33-1, which reiterates that "it is the public policy of the State of Georgia that there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations shall be immune from liability from damages." OCGA § 36-33-1 (a).

In the context of cases involving automobile collisions, OCGA § 36-92-2, provides that "[t]he sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived up to [certain] limits" as outlined in the statute. OCGA § 32-92-2 (a).[1] "The waiver provided by this chapter shall be increased to the extent that . . . [t]he local government entity purchases commercial liability insurance in an amount in excess of the waiver set forth in this Code section." OCGA § 36-92-2 (d) (3). In *Gates v. Glass*, 291 Ga. 350, 352-353 (729 SE2d 361) (2012), our Supreme Court gave the

---

[1] For incidents which occur on or after January 1, 2008, such as the one in the present case, an aggregate amount of $500,000 is the limit for bodily injury or death of any one person in any one occurrence. OCGA § 36-92-2 (a) (3).

following explanation of the statutory scheme with regards to waiver of sovereign immunity under this code section:

> An examination of OCGA § 36-92-1 et seq., as well as the earlier and revised versions of OCGA § 33-24-51 (a) and (b), demonstrates an intent on the part of the legislature to create a two-tier scheme within which local governments are deemed to have waived sovereign immunity with regard to accidents arising from the operation of their motor vehicles. The first tier, established under OCGA § 36-92-1 et seq., requires local entities to waive sovereign immunity — up to certain prescribed limits — for incidents involving motor vehicles regardless of whether they procure automobile liability insurance. The second tier, enacted by OCGA § 33-24-51 (b), and as revised in 2002, provides for the waiver of sovereign immunity to the extent a local entity purchases liability insurance in an amount exceeding the limits prescribed in OCGA § 36-92-2.

(Footnote omitted).

Young argues that she was not required to expressly allege that the City waived sovereign immunity because the facts she raised in her complaint demonstrate a waiver as codified in OCGA § 36-92-2. We disagree. In her suit, Young alleged that she sustained injuries as a result of an automobile collision with Johnson, a City employee, due to Johnson's negligent operation of the vehicle. However, sovereign immunity is not an affirmative defense and the City did not have a duty to "negate the

4

*possibility* that the defense of sovereign immunity had been waived." *Kelleher v. State of Ga.*, 187 Ga. App. 64, 64-65 (1) (369 SE2d 341) (1988) (emphasis supplied). As noted above, Young did not explicitly plead a waiver of the City's sovereign immunity in her complaint, and she failed to amend her complaint to allege such a waiver. Furthermore, she did not (1) raise OCGA § 36-92-3 in any of her filings in the court below, (2) respond to the City's motion to dismiss, or (3) otherwise contest the motion to dismiss.[2] Under these circumstances, the trial court properly found that Young failed to satisfy her burden of establishing a waiver of the City's sovereign immunity, and the court did not err by dismissing her complaint. See *Seay v. Cleveland*, 270 Ga. 64, 66 (2) (508 SE2d 159) (1998) (where plaintiffs failed to allege specific statutory waiver of sovereign immunity in their complaint or motion for directed verdict, issue of whether county's sovereign immunity had been waived by OCGA § 50-21-1 (a) "present[ed] nothing for review on appeal"); *Bulloch County School Dist. v. Ga. Dept. of Ed.*, 324 Ga. App. 691, 693-694 (1) (751 SE2d 495)

---

[2] In her appellate brief, Young maintains that the parties had stipulated that she would have additional time to respond to the motion to dismiss, but she "inadvertently neglected to file a stipulation to that effect with the trial court." She also alleges that she filed a motion to reconsider or set aside the trial court's dismissal order, but this motion does not appear in the record transmitted to this Court in connection with this appeal, and Young did not move to supplement the record on appeal.

(2013) (school district failed to establish waiver of department of education's sovereign immunity, in part, where district did not assert any waiver of sovereign immunity in its complaint or in its motion seeking funds from the department, did not file a reply brief responding to the department's assertion of sovereign immunity, and never asserted any statutory claim of waiver until it filed its brief with this Court); *Kelleher*, 187 Ga. App. at 64-65 (1) (noting that State was not required to address issue of sovereign immunity because appellant never alleged it in trial court).

*Judgment affirmed. Barnes, P. J., and Markle, J., concur*.